## NEELY v. MERCHANTS TRUST CO. OF RED BANK, N. J., et al.

### No. 4584.

District Court, D. New Jersey.
Jan. 17, 1939.

M. Casewell Heine, Albert G. Avery, and George Gordon Battle, all of New York City, for plaintiff.

Parsons, Labrecque & Borden, by Theodore D. Parsons and Theodore J. Labrecque, all of Red Bank, N. J., for defendants.

FAKE, District Judge.

The plaintiff herein seeks specific performance of an alleged oral agreement made by Eliza A. S. Calef with him on or about September 10, 1921, whereby she agreed, among other things, to "execute and leave on her death, her last will and testament, wherein she would provide that plaintiff should be her residuary legatee and devisee", and also to make plaintiff the executor of said will.

The said Eliza Calef departed this life on November 25, 1929 intestate. Thereafter, proceedings were brought in the Prerogative Court of New Jersey to probate a carbon copy of a will alleged to be the last will of Eliza A. S. Calef. This resulted in a denial of probate by the state court and a final holding that the original will had been destroyed animo revocandi. In dealing with the subject matter involved in that proceeding, the learned Vice-Or-

131

dinary filed an exhaustive opinion, in the course of which he said, as bearing upon the credibility of plaintiff: "There are compelling reasons here for not giving the word of Neely an absolute right of way. All of his testimony respecting custody of the will and access or opportunity to repossess by Mrs. Calef, and, in fact, almost his entire testimony, is such as could be denied by no one except Mrs. Calef. And her voice is silenced by death. Neely has undoubtedly testified falsely in some particulars. 'Falsus in uno, falsus in omnibus.' And while I need not, of course, discard all his testimony, I have no hesitancy in saying that I place very little reliance upon it." In re Calef's Will, 109 N.J.Eq. 181, 156 A. 475, 481.

So likewise here, the testimony of Neely, his attitude on the witness stand and his general demeanor before the Court has led me to accept his testimony on material matters, only when corroborating circumstances have been found to support his position.

■ At the time of their first meeting, Mrs. Calef and Mr. Neely were well along in years, she a widow, and he a widower. This acquaintance ripened into a strong platonic friendship. Both were without family encumbrances and undoubtedly found comfort in each other's society. They resided at times under the same roof at her shore home known as "Bagdad", and at divers hotels and other places always occupying different bedrooms. That he desired to and did assist her in her tangled business affairs during the years of their companionship, there can be no doubt, and that she was grateful to him and appreciative of such services at times there also can be no doubt. But the evidence before me is not strong enough to permit the conclusion that she made an agreement with him as hereinbefore outlined or if any such agreement was made that he performed the same on his part.

■ The consideration for the alleged agreement to leave a will as aforesaid was an undertaking and promise on the part of Neely to render services to Mrs. Calef in her business affairs during her lifetime, and also for past services of a like nature theretofore rendered by him. There is nothing definite as to what these services were to consist of other than that he was to invest such funds as she had and account to her for the same when requested, and clear up a bad situation in her affairs which unwise investments had theretofore occasioned. How he handled her accounts in this connection therefore became a matter of prime importance in this case, since it would be encumbent upon him to be in a position at any time during the life of Mrs. Calef, to render her an account of his dealings with her funds. Unless Neely could so account, specific performance cannot be decreed, since he comes into equity with unclean hands. Moreover, his right to relief here must be based upon his performance as a condition precedent.

■ It became apparent at the trial that a detailed accounting by Neely would be a controlling factor in the case, and an order of reference was therefore made to a Master. The Master has made and filed his report, and after considering the objections thereto, I am of the opinion that the same should be confirmed in all things. It discloses that Neely was charged with $42,541.82 and could be discharged for $1,354.38 only, leaving him unable to account for the sum of $41,187.44.

It therefore appears that even if Mrs. Calef did enter into an agreement as alleged with Neely, he has not performed the terms and conditions thereof with which he was burdened.

A decree will be entered for the defendants in conformity herewith.