**NEELY v. MERCHANTS TRUST CO. OF RED BANK, N. J., et al.**

No. 7282.

Circuit Court of Appeals, Third Circuit.

June 29, 1940.

As Amended on Denial of Rehearing Sept. 11, 1940.

William A. Schnader, of Philadelphia, Pa., and Albert G. Avery and George Gordon Battle, both of New York City, for appellant.

Parsons, Labrecque & Borden, of Red Bank, N. J. (Theodore D. Parsons, of Red Bank, N. J., of counsel), for appellees.

Before BIGGS, MARIS, and JONES, Circuit Judges.

BIGGS, Circuit Judge.

The appellant, Frank Tennyson Neely, alleged in his bill of complaint and offered proof that he and Eliza A. S. Calef entered into an oral contract whereby, in consideration of services· and financial aid rendered and to be rendered by the appellant to her, she would make a last will and testament naming the .appellant as her residuary legatee and devisee. Mrs. Calef died without leaving a will admissible to probate and the appellant now seeks specific performance[1] of the alleged oral contract and also that a trust be impressed upon all of Mrs. Calef's property for his benefit. The appellees are the heirs at law of Mrs. Calef and her administrator and ancillary administrator. The District Court found, first, that the appellant failed to prove existence of the alleged contract, and, second, assuming the existence of a contract, the appellant had failed to carry out his obligations thereunder.

A brief recapitulation of · the facts is necessary. Mrs. Calef died at her summer home, "Bagdad", in Seabright, New Jersey, when she was seventy-nine years of age. She left a substantial estate, the greater part of which she had inherited from her brother. At the time she met the appellant, the inheritance referred to had not come into her possession and she was in financial difficulties. She employed the appellant to help her conduct her affairs and to serve as her financial agent. Upon Mrs. Calef's 'death the appellant produced a copy of what he alleged to be her last will and testament and attempted to secure probate of it before the Prerogative Court of New Jersey. Probate was denied, the court pointing out that if a will is proved to have been within the testator's possession and upon death cannot be found, it will be presumed that it was destroyed by the testator with the intention ·of revoking it. The appellant claimed that though the will had been in his possession, he had lost it. The Prerogative Court did not credit this statement. In re Calef's Will, 109 N.J.Eq. 181, 156 A. 475, affirmed 111 N.J.Eq. 355, 162 A. 579, certiorari denied Neely v. Stacy, 288 U.S. 606, 53 S.Ct. 397, 77 L.Ed. 981. Following denial of certiorari, the suit at · bar was commenced.

Was the learned District Judge in error in holding that the appellant had not sustained the heavy burden placed upon him under circumstances such as those at bar of showing by clear and convincing proof the existence of the contract referred to and the appellant's performance thereunder? As was stated by the Court of Errors and Appeals by Justice Fort in Cooper v. Colson, 66 ·N.J.Eq. 328, 58 A. 337, 339, 105 Am.St.Rep. 660, 1 Ann.Cas. 997: "Most scrupulous care should be exercised by the courts in this class of cases,. and especially where one of the alleged contracting parties is dead. An allegation of an agreement to convey is easily made,. and casual conversation or jocular remarks of intent to devise or convey at death can readily be turned into serious import. * * * such power should be exercised upon the most clear proof * * *. of the contract to devise. * * *" See also Lings v. Urquhart, 106 N.J.Eq. 506, 151 A. 391, affirmed 109 N.J.Eq. 131, 156 A. 377; Vreeland v. Vreeland, 53 N.J.Eq. 387, 32 A. 3. Applying the doctrines of the decided cases, we conclude as did the learned District Judge that the appellant failed to sustain that burden of proof necessary to prove the existence of the contract between himself and Mrs. Calef. We shall not dilate upon the proof offered by the respective parties. It is sufficient to state that the appellant's conduct at the time of Mrs. Calef's last illness was not that of an individual who deemed that his rights were protected under a valid and existing contract. While Mrs. Calef was upon her death bed, he endeavored to procure her to make a will in his favor, leaving her entire estate to him, and excluding from her bounty all other persons despite the fact that the paper which he offered for probate as Mrs. Calef's will before the Prerogative Court contained many specific bequests. There is evidence that despite Mrs. Calef's semi-conscious condition, her dressmaker, Miss Fahrner, in the appellant's presence, tried to induce her trained nurse to guide the dying woman's hand to sign a will in his favor. Such evidence weighs heavily against the appellant.

Assuming, however, that there was a specific contract between the appellant and Mrs. Calef in the terms for

---

[1] We so refer to the relief sought by the appellant. Actually the relief sought by the appellant is not technical specific performance. It is rather relief in the nature of specific performance. See Page on Wills, 2nd Edition, 1926, Vol. 1, Section 107, p. 192.

which the appellant contends, none the less his performance under that contract was not such as would entitle him to relief. We reach the conclusion as did the court below that such services as the appellant rendered for Mrs. Calef were rendered in reliance upon her generosity and certain present and definite benefits, and for this reason the appellant is within the rule enunciated by Vice Chancellor Ingersoll who made it clear in Danenhauer v. Danenhauer, 105 N.J.Eq. 449, 148 A. 390, 391, quoting Chancellor McGill in Vreeland v. Vreeland, supra, that while equity would specifically enforce a parol agreement to make a will at the instance of a complainant who has completely performed it upon his part, such a remedy " ' * * * is afforded upon the ground that it will work a fraud upon him who, induced by the agreement, has in good faith so performed it as to irretrievably change the situation of the parties to his disadvantage, to permit the other party to refuse fulfillment upon his part.' " It cannot be successfully contended that the appellant has met this test. Moreover, the conduct of the appellant immediately preceding and following Mrs. Calef's death was in breach of the duties placed upon him by the alleged contract. During Mrs. Calef's last illness the appellant closed out brokerage accounts which he carried in his name but in which Mrs. Calef had an interest, and deposited at least $50,000 to his own personal account. Upon Mrs. Calef's death the appellant went to Cuba, arriving with $50,000 in cash, carried on his person in a money belt. He also had with him Mrs. Calef's jewelry. We entertain little doubt that the $50,000 referred to consisted largely of moneys belonging to Mrs. Calef's estate. Such conduct speaks for itself.

■ One point remains to be disposed of. The appellant contends that the contract between himself and Mrs. Calef was established as a matter of pleading in that the learned District Judge upon the appellant's motion struck out the fifth paragraph of the answer denying the fifth paragraph of the bill, which alleged the making of a contract between Mrs. Calef and the appellant with the terms and conditions contended for by the appellant. The appellant contends that because of this ruling by the trial court the existence of the contract was not in issue. The trial court did in fact grant the appellant's motion to strike out paragraph 5 of the answer upon the ground that it was in violation of Equity Rule 24, 28 U.S.C.A. following section 723. This was clearly error because the affidavit of appellant's counsel upon which the order of the court was based contained nothing more than a restatement of appellees' counsel's brief in the Court of Errors and Appeals in the proceeding for the probate of Mrs. Calef's will, which recited testimony offered by the appellant in that proceeding. This point need not be dwelt upon further except to state that the learned trial judge corrected his error, as is amply demonstrated by colloquy between himself and counsel appearing in the record.[2] In effect the District Judge overruled his prior order and required the appellant to prove the contract. The effect of the affidavit was to permit the appellant to testify as to matters relevant to the contract allegedly occurring in the lifetime of Mrs. Calef. The appellant's mouth was closed in respect to these transactions because Mrs. Calef was dead. N.J.R.S. 2:97–2, N.J.S.A. 2:97–2.

■ Other objections stand in the way of granting the appellant the relief sought by him. According to the very terms of the bill of complaint Mrs. Calef's obligation was to make the appellant residuary legatee and devisee only after she had provided for certain unspecified bequests to friends and servants. It follows that the terms of the alleged contract are not sufficiently specific to permit its enforcement. The same objection lies to the prayer of the bill of complaint to the effect that a trust be imposed upon the entire estate for the benefit of the appellant. In addition to all the foregoing it is axiomatic that he who seeks relief in a court of equity must come into court with clean hands. In the light of the record in the case at bar we are convinced that the appellant does not come into court with clean hands.

Accordingly the judgment of the court below is affirmed.

---

2 See pp. 1633–1683 of the record.