## NEELY v. MERCHANTS TRUST CO. OF RED BANK, N. J., et al.

### No. 4584.

District Court, D. New Jersey.

Sept. 16, 1941.

Albert G. Avery and George Gordon Battle, both of New York City, and Alfred J. Peer, of Newark, N. J., for plaintiff.

Parsons, Labrecque & Borden, of Red Bank, N. J., for defendants.

FAKE, District Judge.

An issue is raised herein as to whether or not certain stenographer's fees should be

taxed as costs in favor of the successful defendants.

A decree was signed by me on January 20, 1939, and entered in the civil docket on January 23, 1939, dismissing the bill of complaint with costs running to the defendants. 26 F.Supp. 130. Thereafter, an appeal was taken to the Circuit Court of Appeals resulting in an affirmance on June 29, 1940. 3 Cir., 113 F.2d 953. Plaintiff then sought a writ of certiorari from the United States Supreme Court, which was denied on November 18, 1940 (311 U.S. 705, 61 S.Ct. 171, 85 L.Ed. 457), and the mandate of the Circuit Court came down on November 20, 1940. On December 16th then next, the United States Supreme Court denied a petition for rehearing on the petition for certiorari. 311 U.S. 730, 61 S.Ct. 391, 85 L.Ed. 475.

On February 8, 1940, a petition was filed by counsel for defendants praying the taxing of stenographer's fees as costs pursuant to Rule 80 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which came on to be heard, and on the 19th day of February, 1940, it was ordered that the petition of defendants for an order allowing taxation as aforesaid be denied "pending the determination of the matter, that is to abide the event." On January 13, 1941, counsel for defendants filed a further petition again seeking the taxing of the stenographer's fees. It is this last petition which is now before me for action and on which counsel filed their briefs on February 3, 1941.

An examination of the records in the office of the clerk of this court indicate that costs in this cause have not as yet been taxed by the clerk. At the time when this court finally disposed of the case (January 23, 1939), the Rules of Civil Procedure adopted by the United States Supreme Court had taken effect, and Rule 80 specifically provides that stenographer's fees shall be fixed by the court and may be taxed as costs "in the discretion of the court." The rate for stenographer's fees has long been established by the rules of this court, and in the exercise of the discretionary power vested in me as above quoted, I am of the firm conviction that the stenographer's fees should be assessed against the plaintiff as costs in this case. A reading of the opinions filed in this protracted litigation discloses that the defendants have been put to enormous expense and great loss of time in meeting the unjustified and unbelievable claims of the plaintiff (see D.C., 26 F.Supp. 130; 3 Cir., 110 F.2d 525, and In re Calef's Will,

109 N.J.Eq. 181, 156 A. 475), and notwithstanding the contention of plaintiff's attorney to the effect that Rule 80 does not vest this court with discretionary power, I believe it does, since the Congress authorized the United States Supreme Court to vest such power in this court and the cases cited by him being of prior date to the adoption of the rules are without effect.

An order will be entered taxing the stenographer's fees against the plaintiff at the rates heretofore fixed by the rules of this court.