514

McINTOSH v. UNITED STATES.

No. 13913.

United States Court of Appeals
Eighth Circuit.
July 22, 1949.
Writ of Certiorari Denied Nov. 7, 1949.
See 70 S.Ct. 137.

Charles Lee McIntosh was convicted of having transported a stolen airplane interstate and with having escaped from a medical center for federal prisoners where he was being held under a lawful commitment and he appeals.

Charles Lee McIntosh, per se.

Sam M. Wear, United States Attorney, and Richard H. Musser, Assistant United States Attorney, Kansas City, Mo., for appellee.

Before GARDNER, Chief Judge, and THOMAS and RIDDICK, Circuit Judges.

RIDDICK, Circuit Judge.

This is an appeal from a judgment of conviction on an indictment in two counts charging appellant with having transported a stolen airplane from Springfield, Missouri, to a point near Jackson, Tennessee, on December 3, 1947; and with having escaped on December 1, 1947, from the Medical Center for Federal Prisoners at Springfield, Missouri, where appellant was being held under a lawful commitment. Appellant's defense was a plea of not guilty by reason of insanity.

The evidence in the record may be summarized as follows:

On December 1, 1947, appellant escaped from the Medical Center at Springfield, Missouri. On December 3, 1947, he stole an airplane from an airport near Springfield, Missouri, and flew it to a point near Jackson, Tennessee, where he was apprehended by Federal officers. While at Jackson, Tennessee, awaiting return to the Medical Center at Springfield, appellant gave an agent of the Federal Bureau of Investigation a statement, in which he admitted his escape, the theft of the airplane, and his flight to Tennessee. This statement was received in evidence without objection on the part of appellant. The agent who took the statement testified that the appellant talked freely and intelligently regarding his escape and subsequent flight in the airplane, and signed the confession without objection or protest.

Prior to his reception at the Medical Center, appellant was being held in the

United States Penitentiary at Terre Haute, Indiana, under a commitment following his conviction in a United States District Court on an indictment charging him with interstate transportation of a stolen automobile and escape from the Federal Reformatory at Chillicothe, Ohio. On August 11, 1947, the Board of Examiners of the United States Penitentiary at Terre Haute, after an examination of appellant, found him to be "insane or of unsound mind" and "a suitable subject for confinement in the United States Hospital for Defective Delinquents at Springfield, Missouri," hereinafter referred to as the Medical Center. Pursuant to the report of the examiners, the Attorney General on August 20, 1947, ordered the removal of appellant to the Medical Center at Springfield, where he was received on August 30, 1947.

On his arrival at the Medical Center, appellant was assigned as a patient to Dr. Louis G. Roucek, Chief Psychiatrist, for observation and treatment. Testifying for the Government, Dr. Roucek said that he took a special interest in appellant's case, and that he saw the appellant at least twice a week after his arrival at the Medical Center. He had given the appellant a complete neuropsychiatric examination. He was familiar with appellant's past history including his service in the Army, his prior criminal record, and with the report of the examination of appellant by physicians at the United States Penitentiary at Terre Haute. On November 7, 1947, Dr. Roucek, as a result of his study of appellant's case, made a written report to the Classification Board of the Medical Center giving the results of his observation and examination of appellant. In this report Dr. Roucek recommended that appellant be removed from the psychotic status under which he was received at the Medical Center, and by his order the appellant was transferred from the building reserved in the hospital for prisoners certified insane to the quarters provided for mental cases showing improvement and prospects of recovery. The doctor's report was approved by the Classification Board of the Medical Center on December 9, 1947.

Explaining his report the doctor testified that the appellant was mentally competent; that he realized the nature of his acts and was able to distinguish right from wrong. In the opinion of the doctor, the appellant was a psychopathic personality, that is to say, a person unable to adjust himself to the regulations of society, who refused to admit obligations to anyone, who insisted on doing what he wished without regard to the consequences to himself or others. The doctor, who qualified as an expert in mental diseases, testified that appellant was not insane at the time of the commission of the crimes for which he was tried and was not insane at the time of his trial.

No evidence was offered on behalf of appellant dealing directly with his mental condition at the time of the commission of the crimes of which he was convicted, nor at the time of his trial. In support of his plea of not guilty by reason of insanity appellant relied upon the report of the Board of Examiners of the United States Penitentiary at Terre Haute certifying him as insane as of August 20, 1947; the order of the Attorney General pursuant to the report of the Board of Examiners directing his transfer to the Medical Center at Springfield; the fact that upon his arrival at Springfield he was for a time confined in the quarters reserved for insane prisoners; the fact that Dr. Roucek's diagnosis of appellant's condition on November 7, 1947, did not receive formal approval of the Classification Board at the Medical Center until December 9, 1947, after appellant had escaped and transported the stolen airplane to Tennessee; the statements in a letter of September 17, 1947, addressed to appellant's mother by the Advisory Supervisor of Inmates at the Medical Center; and the testimony of his father.

The substance of the letter to appellant's mother is that at the time it was written appellant was a mental patient at the Medical Center, and that it was too early at the date of the letter for the doctors at the Medical Center to make a diagnosis as to his condition. Appellant's father testified that appellant had never given any evidence of mental aberration until his induction into the Army after his graduation

516

from high school, and that appellant's mind began to fail soon after his induction into the Army. The witness based his opinion as to appellant's mental condition while in the Army upon long distance telephone conversations with his son, and from alleged information received by him from Army personnel on the occasion of visits at the Army camp at which his son was stationed. Over appellant's objection the district attorney was permitted to ask appellant's father if he had not been indicted for concealing appellant in his home during a period when appellant was a deserter from the Army. The witness answered that the indictment was a frame-up against him and that he was cleared. This evidence was received as tending to establish the bias and prejudice of the father.

On this evidence the case was submitted to the jury on a charge which advised the jury that, if they believed from the evidence that appellant was insane at the time of the commission of the crimes with which he was charged, they should find him not guilty; that, if they found from the evidence that the appellant was sane, they should then determine from the evidence whether he was guilty or innocent of the crimes charged in the indictment. Appellant was represented at the trial by competent counsel. No exception was taken to the charge.

 We are unable to find any merit in appellant's assignments of error. His main contention seems to be that, since the Board of Examiners of the United States Penitentiary at Terre Haute had certified him insane as of August 20, 1947, the evidence of Dr. Roucek that appellant was not insane at the time of the commission of the crimes charged in the indictment was inadmissible; and that the mere fact that he had been certified as insane on August 20, 1947, by the Board of Examin-

ers of the United States Penitentiary at Terre Haute conclusively showed that he was insane on December 1, 1947, when he escaped from the Medical Center, and insane on December 3, 1947, when he transported the stolen airplane from Missouri to Tennessee, and apparently that he was still insane at the time of his trial on December 13, 1948. Appellant is mistaken in this assumption. Cf. United States ex rel. Mazy v. Ragen, 7 Cir., 149 F.2d 948, 950. The question of his mental condition was for the jury under the evidence in the case, and the verdict is conclusive on this court.

 Appellant also argues that the court committed reversible error in receiving evidence of his prior criminal record and his confession given to an agent of the Federal Bureau of Investigation at Jackson, Tennessee, and in permitting the district attorney to ask and his father to answer the question concerning the father's indictment on the charge of concealing appellant while he was a deserter from the Army. The evidence of appellant's past criminal record was contained in the written report of the Board of Examiners of the United States Penitentiary at Terre Haute. It was first offered in evidence on appellant's motion to dismiss the indictment, and was received at the trial without objection on the part of appellant and relied on by him as proof of his insanity. His confession was likewise received without objection and contains nothing which was not established by other admissible evidence. The question propounded to his father was answered in the affirmative. Its reception was not prejudicial error.

Appellant assigns other errors, none of which has any basis in the record or presents any question of merit for our consideration.

The judgment of the District Court is affirmed.