**McINTOSH ex rel. McINTOSH v. STEELE.**

No. 14175.

United States Court of Appeals
Eighth Circuit.

Oct. 24, 1950.

Rehearing Denied Nov. 13, 1950.

Wade Hampton McIntosh, pro se.

Sam M. Wear, United States Attorney, and Sam O. Hargus, Assistant United States Attorney, Kansas City, Mo., for appellee.

Before SANBORN and THOMAS, Circuit Judges, and DEWEY, District Judge.

PER CURIAM.

This is an appeal from an order denying the petition of Wade Hampton McIntosh for a writ of habeas corpus for the release of his son, Charles L. McIntosh, from the United States Medical Center for Federal Prisoners, at Springfield, Missouri. The son of the appellant is the Charles Lee McIntosh referred to in the opinion of this Court, McIntosh v. Steele, Warden, 184 F.2d 721, affirming an order denying his petition for a writ of habeas corpus. The facts relative to his detention are stated in that opinion.

The appellant's contention is that the statutes upon which the sentences under which his son is confined in the United States Medical Center at Springfield were based, namely, § 408, Title 18 U.S.C., and § 753h, Title 18 U.S.C.,[1] were invalid under what he calls the "Christoffel doctrine." See Christoffel v. United States, 338 U.S. 84, 69 S.Ct. 1447.

 Assuming, without deciding, that a father may apply for a writ of habeas corpus on behalf of an adult son who is able to speak for himself and persistently does so, the appellant is clearly mistaken in believing that the ruling of the Supreme Court in Christoffel v. United States, 338 U.S. 84, 69 S.Ct. 1447, either requires or would justify the invalidation of the statutes for the violation of which Charles Lee McIntosh was sentenced to imprisonment.

The order appealed from is affirmed.

1. 1948 Revised Criminal Code, 18 U.S.C.A. §§ 2311–2313 and § 751.