## McINTOSH v. STEELE.

No. 14133.

United States Court of Appeals Eighth Circuit.

Oct. 24, 1950.

Rehearing Denied Nov. 6, 1950.

Writ of Certiorari Denied Jan. 15, 1951.

See 71 S.Ct. 353.

See also, 8 Cir., 184 F.2d 723.

Charles Lee McIntosh, pro se.

Sam M. Wear, United States Attorney, and Sam O. Hargus, Assistant United States Attorney, Kansas City, Mo., for appellee.

Before SANBORN and THOMAS, Circuit Judges, and DEWEY, District Judge.

PER CURIAM.

This is an appeal from an order dismissing a petition for a writ of habeas corpus filed by the appellant on December 9, 1949, in the United States District Court for the Western District of Missouri. In his petition he asserted, in substance, that a sentence of seven years imprisonment which had been imposed upon him by that court on December 14, 1948, was invalid. The grounds for this assertion were that, at the trial which resulted in his conviction, his defense of insanity was conclusively established, and that the United States Attorney knowingly used perjured opinion evidence to prove that the appellant was not insane at the time he committed the offenses charged against him in the indictment, and that evidence was suppressed which had a tendency to support the appellant's defense. The offenses with which he was charged were: (1) interstate transportation of a stolen aircraft from Springfield, Missouri, to Tennessee, on December 3, 1947, in violation of § 408,[1] Title 18 U.S.C.; and (2) escape from the United States Medical Center at Springfield on December 1, 1947, in violation of § 753h,[2] Title 18 U.S.C.

1. 1948 Revised Criminal Code, 18 U.S.C.A. §§ 2311–2313.

2. 1948 Revised Criminal Code, 18 U.S.C.A. § 751.

The sentence of December 14, 1948, which the appellant assailed in his petition, reads in part as follows: "Ordered And Adjudged that the defendant, having been found guilty of said offenses, is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for the period of five (5) years on count one (1) of the indictment, the sentence on count 1 to begin to run at the expiration of the sentence now being served; and two (2) years on count 2, the sentence imposed on count 2 to begin to run at the expiration of the sentence imposed on count 1, a total sentence of seven (7) years, to begin to run at the expiration of the sentence now being served, without costs."

On December 14, 1948, at the time the sentence was pronounced, the appellant was serving a sentence of three years imprisonment imposed by the United States District Court for the Southern District of Ohio on January 30, 1947, upon his plea of guilty to an information charging the interstate transportation of a motor vehicle in violation of § 408, Title 18 U.S.C. On July 15, 1947, upon appellant's plea of guilty to an indictment charging him with "escape from the Federal Reformatory," in violation of § 753h, Title 18 U.S.C., the United States District Court for the Southern District of Ohio imposed an additional sentence of three years imprisonment, to commence at the expiration of the sentence of January 30, 1947. The appellant unsuccessfully endeavored to have the sentence of July 15, 1947, set aside upon the ground that he was insane at the time he was sentenced. See McIntosh v. Pescor, 6 Cir., 175 F.2d 95.

In August of 1947 the appellant was removed from the United States Penitentiary at Terre Haute, Indiana, to the United States Medical Center at Springfield, Missouri, pursuant to an order of the Attorney General, issued upon a certificate of the Board of Examiners of the former institution. This certificate stated that, after an examination of the appellant, the Board had found him to be "insane or of unsound mind." This certificate is the basis for his claim that he was insane as a matter of law at the time the offenses for which he was indicted in the Western District of Missouri were committed.

The District Court, on February 18, 1950, dismissed the appellant's petition for a writ, upon two grounds:

(1) that it conclusively appeared that the sentence of December 14, 1948, the validity of which he challenged, was not the exclusive basis for his detention, the Ohio sentence of July 15, 1947, not having been served; and (2) that any doubts as to the validity of the sentence of December 14, 1948, for any of the reasons urged by the appellant, have been put at rest by the affirmance of that sentence by this Court in McIntosh v. United States, 8 Cir., 176 F.2d 514, and by an order of the sentencing judge denying a subsequent motion made by the appellant pursuant to § 2255 of Title 28 U.S.C.A., to vacate the sentence.

■ The petition of the appellant was properly dismissed. Even if the sentence of December 14, 1948, had been invalid or had never been pronounced, the appellant could not lawfully have been released on February 18, 1950, since the sentence of July 15, 1947, imposed by the United States District Court for the Southern District of Ohio had not been served and was enough to warrant appellant's detention. In such a situation, habeas corpus was not available to test the validity of the sentence of December 14, 1948. See McNally v. Hill, Warden, 293 U.S. 131, 139, 55 S. Ct. 24, 79 L.Ed. 238; Holiday v. Johnston, Warden, 313 U.S. 342, 349, 61 S.Ct. 1015, 85 L.Ed. 1392; Sink v. Cox, Warden, 8 Cir., 142 F.2d 917, 918.

■ Moreover, we are of the opinion that the legality of the sentence which the appellant assails has been finally and definitely settled and is no longer subject to attack.

■ We have not overlooked the appellant's contention that § 408 of Title 18 U.S.C. was invalid. We overrule the contention.

The order appealed from is affirmed.