Fernando Roig MALDONADO, Appellant,

v.

UNITED STATES of America, Appellee.

No. 17976.

United States Court of Appeals Ninth Circuit.

Nov. 21, 1962.

E. V. Cavanagh and Don E. Burris, Los Angeles, Cal., for appellant.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., Chief Criminal Section, and David Y. Smith, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before STEPHENS, BARNES and JERTBERG, Circuit Judges.

PER CURIAM.

Defendant-appellant was convicted of the sale and possession of marijuana on January 25, 1961, on two counts, each a violation of Title 21 United States Code § 176a. He was sentenced to eight years on each count, the sentences to run concurrently. Jurisdiction on appeal lies here. 28 U.S.C. § 1291.

Appellant denied the possession and transaction charged. He was identified by the government agent who had allegedly paid him the money for the marijuana; by a second government agent who had watched the transaction from a distance, and by the "special employee" of the government (the "stool pigeon" Ramos) who had known appellant "two or three years," (Tr. p. 43, 1. 9.) [1] and who had seen the package delivered and money received by the appellant.

Thus the weight of the evidence as to what happened on January 25, 1961, and the extent of appellant's participation therein, preponderated against appellant's denial he was present. He was arrested on February 27, 1961, and released the next day. The government states this was because he promised to cooperate with it in leading its operators to various sources of the marijuana. Appellant denies any such "deal." Appellant went to Porto Rico; found he was wanted; and voluntarily returned to Los Angeles, California, to face the charges.

Appellant was tried and convicted on November 2, 1961. His sentencing was continued to March 12, 1962. On March 8, 1962, appellant moved for a new trial on the ground of newly discovered evidence. The motion was heard before sentencing and denied. It was supported by one affidavit; that of appellant, wherein he swore: "That before the trial * * * affiant did not know exactly what he was supposed to have done; where it was supposed to have taken place, or the day on which it occurred."

This is incredible in view of the indictment on which defendant was tried (filed March 29, 1961). Both counts allege the *date* of the crime charged as January 25, 1961; the *place* as the United States; the *sale* to one Theodore J. Yanello; and the *amount* of marijuana involved: 1 kilogram, 531 grams. No request for a bill of particulars was made.

The motion for a new trial was also secondarily supported by a certificate signed by the jailer of the Tijuana, Mexico, jail, dated November 8, 1961, certifying that Fernando Roig Maldonado was "detenido" during the 24th, 25th and 26th days of January 1961. No translation of this document into English appears in the record. "Detenido" is the past participle of the irregular Spanish verb "detener"; meaning "to detain, stop, to arrest."

This evidence is prima facie persuasive of the appellant's lack of guilt, but is not controlling. When produced as it was, on a motion for new trial, it satisfied at best but one (the fourth) requisite of that five-pronged showing which requires the granting of a new trial—i. e., it is material to the issues involved.

[1]. Strangely enough, Ramos was called as a witness by the defendant.

It does not appear that it was, in fact, *newly discovered;* no *diligence* in obtaining it is shown; it is cumulative to appellant's own testimony that he was not present at the sale, and in view of that opposing it, it is not such evidence that this court can say that on a new trial, it would *probably* produce an acquittal. Pitts v. United States, 9 Cir., 1959, 263 F.2d 808, cert. denied, 360 U.S. 919, 79 S.Ct. 1438, 3 L.Ed.2d 1535; Brandon v. United States, 9 Cir. 1951, 190 F.2d 175.

The discretion of the trial judge on motions for new trial is large. Here we have an able and experienced judge denying the motion. We will not interfere with his discretion. We cannot say there is no basis in fact for his ruling in denying the motion for new trial, or that he committed clear error in his ruling.

Affirmed.