Fernando Roig MALDONADO, also known as Fernando Maldonado Roig, Appellant,

v.

UNITED STATES of America, Appellee.

No. 18748.

United States Court of Appeals Ninth Circuit.

Dec. 4, 1963.

Frank Duncan, Los Angeles, Cal., for appellant.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., Chief, Criminal Section, and A. Robert Throckmorton, Asst. U. S. Atty., for appellee.

Before BARNES, JERTBERG and KOELSCH, Circuit Judges.

BARNES, Circuit Judge:

Defendant-appellant appeals from an order of the district court for the Southern District of California, Central Division, Yankwich, J., denying appel-

lant's second motion for a new trial, based on newly discovered evidence.

Appellant was convicted on November 2, 1961, of the sale and possession of marijuana on two counts (each a violation of Title 21, United States Code § 176a), allegedly occurring on January 25, 1961. He was sentenced to eight years on each count, the sentences to run concurrently. He made a motion for a new trial on the ground of newly discovered evidence, and this was denied. The denial was affirmed *per curiam* (Maldonado v. United States, 9 Cir. 1962, 310 F.2d 84).

After remand a second motion for a new trial was made, supported by two documents. One was a letter from a Tijuana jailor to the effect that appellant was in that jail on January 24, 25 and 26, 1961, thus tending to prove that he was not in Los Angeles on January 25, 1961, when the crime was committed. Secondly, appellant offered an affidavit of one Paul Enrique Ramos repudiating much of the testimony which he gave against appellant at the trial, and which placed Maldonado at the scene of the sale (where the police officers said he was) on January 25, 1961. The district court ordered Ramos to attend the hearing of the motion for new trial, and took his testimony there under oath. There Ramos recanted, denied the truth of his affidavit given defendant, and reaffirmed the testimony he had given at the first trial. The trial judge then denied the second motion for a new trial, making and filing findings of fact. This appeal followed.

The district court had jurisdiction to try the case pursuant to 21 U.S.C. § 176a and 18 U.S.C. § 3231, and to hear the motion for a new trial under Rule 33 of the Federal Rules of Criminal Procedure. This court has jurisdiction of this second appeal under 28 U.S.C. § 1291.

Appellant raises three grounds:

■ (1) Appellant contends that the district court findings are in part not supported by the evidence produced on the hearing of defendant's motion for new trial, i. e., the court erred in its findings of fact (7(a)) (R.T. vol. I, p. 48) that Ramos testified *at the hearing on this motion* that "he was a special employee of the Federal Bureau of Narcotics" and "that when called as a witness at the trial of the defendant, he testified that he was present on January 25, 1961, when defendant Maldonado Roig sold to Agent Yanello a quantity of marijuana."

The rule for reviewing findings of fact at a hearing on a motion for a new trial has been stated by the Supreme Court:

> " * * * [I]t is not the province of this Court or the circuit court of appeals to review orders granting or denying motions for a new trial when such review is sought on the alleged ground that the trial court made erroneous findings of fact. * * * While the appellate court *might* intervene when the findings of fact are wholly unsupported by evidence, * * * it should never do so where it does not clearly appear that the findings are not supported by any evidence." United States v. Johnson (1945) 327 U.S. 106, 111–112, 66 S.Ct. 464, 466, 90 L.Ed. 562.

It is true that Ramos did not explicitly so testify at the hearing on this motion. However, he did so explicitly testify at the trial. Maldonado v. United States, 9 Cir. 1962, 310 F.2d 84, 85. And, at the hearing, he did state that what he said at the trial was true. (R.T. vol. II, pp. 14–15) In effect, then, at the hearing of the motion for new trial he adopted his trial testimony by reference. We thus cannot say that under the test laid down by the Supreme Court the finding of fact was not supported by any evidence.

Further, appellant has not shown how this finding of fact, even if it were erroneous, prejudiced him. On a motion for a new trial, the district court must take into consideration testimony given at the trial. United States v. On Lee, 2 Cir. 1953, 201 F.2d 722, 723, cert. den. 345 U.S. 936, 73 S.Ct. 798, 97 L.Ed. 1364.

(2) Appellant contends that the district court erred in concluding that the affidavit of Ramos and the letter from

the Tijuana jailor constituted insufficient reasons to order a new trial.

Five requirements must be met to justify a new trial on the ground of newly discovered evidence. Maldonado v. United States, 9 Cir. 1962, 310 F.2d 84, 85–86; Gallegos v. United States, 9 Cir. 1961, 295 F.2d 879, 881, cert. den. 368 U.S. 988, 82 S.Ct. 604, 7 L.Ed.2d 526. We need not repeat them here. The district court did not err in relying on other testimony, i. e., that of government witnesses who allegedly were eye witnesses to the transaction.

At the trial appellant denied the possession and transaction charged. He was identified by the government agent who had allegedly paid him the money for the marijuana; by a second government agent who had watched the transaction from a distance; and by Ramos, the "special employee" of the government who had known appellant "two or three years," and who had seen the package delivered and the money received by the appellant. Maldonado v. United States, 9 Cir. 1962, 310 F.2d 84, 85. Ramos had not been called as a witness by the government; he was a defense witness. Id., fn. 1.

■ Appellant presented his affidavit of Ramos in support of his action recanting much of what Ramos had testified to at the trial. However, at the hearing Ramos repudiated the affidavit and testified that the affidavit, in so far as it was contrary to his testimony at the trial, was a fabrication and not true. The district court believed this testimony of Ramos in this last hearing. (R.T. vol. I, p. 48)

> "It is Hornbook law that this court cannot second-guess a trier of fact who has heard the testimony, scrutinized the witnesses, and noted their demeanor and behavior on the witness stand (Jeffries v. United States, 9 Cir. 1954, 215 F.2d 225, 226; United States v. Johnson, 1946, 327 U.S. 106, 112, 66 S.Ct. 464, 90 L.Ed. 562), and had the opportunity, both at the trial and on motion for a

new trial, to place his reliance on those whom *he* believes to have been telling the truth." Perez v. United States, 9 Cir. 1961, 297 F.2d 648–649.

It can hardly be said that the district court abused its discretion in concluding that it did not believe that upon a new trial the testimony of Ramos would probably produce an acquittal. Thus requirement five was not met. This makes it unnecessary to discuss the other four requirements and the problem raised by appellants (Op.Br.7–8) concerning the district court's finding that three of the other four requirements were not met, even though the government had, appellant alleges, conceded that those three requirements were met.

■ The letter from the Tijuana jailor, with its notarized translation, states that appellant was in the Tijuana jail at the time the crime occurred. In the first appeal of this case, this court held that a similar document was not ground for reversing the district court and ordering a new trial because it did not meet all requirements for a new trial. Appellant's contention remains without validity for two reasons. One reason is that appellant argues that

> "it was only *after* trial that he had the opportunity to think about the past and find out that he was actually out of the country and in Mexico at the time of the alleged sale." (Op. Br.8–9)

This is not true. That argument was considered in the previous appeal and was rejected. 310 F.2d 84, 85. It was considered and rejected by the trial court in deciding this second motion. Secondly, even assuming arguendo that the evidence was newly discovered and diligently sought, material and not cumulative, the requirement of a probable change in result is not met.

Appellant, apparently recognizing his inability to prevail under existing law with respect to new trials, argues that all five requirements should not be necessary in every case because injustice might thereby result. If so, the laws respecting

298

what is required to obtain a new trial must be changed. There might be reason for that in some cases, but we do not think it exists here, nor did the trial court, nor did this court on the previous appeal.

■ At least one other ground was urged by appellant in his designation of record and points on appeal. Not having been urged in appellant's brief, we consider it waived. It obviously has no merit.

■ This court cannot reverse a denial of a motion for a new trial by a district court unless such denial is an abuse of discretion. Morgan v. United States, 9 Cir. 1962, 301 F.2d 272, 274. We cannot say that the district court abused its discretion in denying the motion for a new trial in this case, any more than we could after the first denial.

Affirmed.