**Charles Lee McINTOSH, Petitioner,**

v.

**Honorable Roy L. STEPHENSON, et al. United States District Court, Des Moines, Iowa, Respondent.**

**No. 18258.**

United States Court of Appeals Eighth Circuit.

Dec. 30, 1965.

Certiorari Denied Feb. 28, 1966.

See 86 S.Ct. 939.

Charles Lee McIntosh, pro se.

D. M. Statton, U. S. Atty., Des Moines, Iowa, for respondent.

Before MATTHES and MEHAFFY, Circuit Judges.

PER CURIAM.

Charles Lee McIntosh (petitioner), has filed an application for "writ of mandamus and prohibition", directed to the Honorable Roy L. Stephenson, Judge, United States District Court for the Southern District of Iowa (respondent). Petitioner requests us to compel Judge Stephenson to set aside "an order entered on the respondent's own motion or initiative, by which a new trial was granted to petitioner".

The fact is that Judge Stephenson did not grant petitioner a new trial. Rather, the criminal case that was pending against petitioner in the United States District Court, Southern District of Iowa, was, in accordance with routine and proper procedures, set for trial, after the case had been remanded to that court by the United States District Court, Southern District of Ohio.

The following background facts demonstrate that petitioner's claim that a new trial was granted at a time when jurisdiction was lacking, is a figment of a vivid and unrealistic imagination.

On March 23, 1962, an indictment was filed in the United States District Court, Southern District of Iowa, charging that, on or about November 7, 1961, McIntosh transported a stolen motor vehicle in interstate commerce, in violation of Title 18 U.S.C.A. § 2312.

Petitioner was arrested on July 12, 1963, in the Southern District of Ohio, and on September 17, 1963, pursuant to Rule 20, F.R.Crim.P, petitioner consented to transfer of the criminal charge to the Southern District of Ohio. Transfer duly followed.

On September 26, 1963, petitioner entered a plea of guilty and was sentenced to imprisonment for a term of three years by the Honorable John W. Peck, Judge, United States District Court for the Southern District of Ohio.

On February 11, 1964, petitioner filed a motion to vacate sentence, pursuant to Title 28 U.S.C. § 2255.

On April 6, 1964, Judge Peck, after a hearing, vacated the sentence previously imposed, and ordered that petitioner be permitted to withdraw his plea of guilty.

Thereafter, petitioner remained mute, so Judge Peck, acting pursuant to Rule 11, F.R.Crim.P., entered, for petitioner, a plea of not guilty. Thereafter, pursuant to Rule 20, F.R.Crim.P., Judge Peck remanded the cause to the United States District Court, Southern District of Iowa.

After remand, the case was restored to the docket of the Iowa court and, on July 8, 1964, the clerk of that court filed a statement entitled "Assignment of Jury Trial", which recites that criminal cases, including No. 3–846 Crim., Charles Lee McIntosh, "will come on for trial at Des Moines, Iowa, on August 3, 1964". Petitioner asserts that this filing by the clerk

constituted a court order granting a new trial.

The case was tried on August 3 and 4, 1964, and petitioner was found guilty. Petitioner appealed from the judgment of conviction. We affirmed. McIntosh v. United States, 341 F.2d 448 (opinion filed February 24, 1965).

On August 3, 1965, petitioner filed a motion for writ of error coram nobis in the United States District Court, Southern District of Iowa, and on September 13, 1965, the court filed its memorandum order denying the motion. Upon application, petitioner has been permitted to appeal, in forma pauperis, from the denial of the writ of error coram nobis. The appeal was docketed in this court 'on December 2, 1965, and is now pending.

As stated at the outset, petitioner here seeks to invoke the aid of the extraordinary writ of mandamus, on the premise that the setting of the case for trial, after it had been remanded, was tantamount to an order entered, *sua sponte*, by the court, granting a new trial. He argues that, since the judgment of conviction in the Ohio court was vacated on April 23, 1964, jurisdiction to grant a new trial terminated ten days from that date. Consequently, it is claimed, syllogistically, that the July 8, 1964, placement of the case on the trial docket of August 3 was without legal effect, having occurred more than ten days after the court had power to grant a new trial.

For obvious reasons, there is utterly no basis for granting petitioner any relief: (1) the original transfer of the case, under Rule 20, to the Ohio district court was proper; (2) the remand of the case, under the same rule, was authorized; (3) there had been no previous trial, no motion for new trial had been filed or was pending, and no new trial was granted; (4) the setting of this case, the subsequent trial, the entry of the judgment, and the affirmance by this court, were valid exercises of judicial authority, by courts possessing power to act.

Rule 33, F.R.Crim.P., and Rule 59(d), F.R.Civ.P., relied upon by petitioner, have no application. Also inapposite, because of distinguishable facts, are the authorities cited by petitioner: United States v. Smith, 331 U.S. 469, 67 S.Ct. 1330, 91 L.Ed. 1610 (1947); Hunter v. Thomas, 173 F.2d 810 (10 Cir. 1949); United States v. Robinson, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960); Chicago & Northwestern Ry. Co. v. Britten, 301 F.2d 400 (8 Cir. 1962); and Tsai v. Rosenthal, 297 F.2d 614 (8 Cir. 1961).

Petitioner's application is denied.