**Leroy L. EARLY, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 9825.**

United States Court of Appeals
Tenth Circuit.

April 25, 1968.

Rehearing Denied May 17, 1968.

Louis Parkinson, Englewood, Colo., for appellant.

Benjamin E. Franklin, Asst. U. S. Atty. (Newell A. George, U. S. Atty., on the brief), for appellee.

Before MARVIN JONES *, Judge, Court of Claims, and LEWIS and BREITENSTEIN, Circuit Judges.

---

* Sitting by designation.

DAVID T. LEWIS, Circuit Judge.

Appellant was found guilty by a jury of the unlawful transportation of a stolen motor vehicle in violation of 18 U.S.C. § 2312 and was appropriately sentenced. He appeals from the judgment and sentence contending, among other things, that the evidence was insufficient to sustain the conviction.

The subject automobile was a 1965 Buick Wildcat, 4-door hard top. The United States proved by competent evidence that this vehicle was stolen in Kansas City, Missouri, on the evening of November 23, 1966, and was found two days later in the State of Kansas some two and one-half miles east of Baldwin. To sustain its burden of proving that appellant was in possession of a vehicle recently stolen in another state the government relied entirely upon the circumstances attending the discovery of the vehicle in Kansas. A witness, Meyer, testified that he was driving on the Kansas highway near Baldwin at about 9:30 p. m. on November 25 when he noticed two burning automobile taillights off the shoulder of the highway, in a ditch, and "dust hanging in the air." The witness turned around on the highway and drove back to the scene to investigate. He there found the subject car completely overturned with appellant pinned underneath and "at the point of unconsciousness." With the aid of a spotlight Meyer searched the area within a radius of fifty or seventy-five feet for other possible victims and found none. With the assistance of another passerby, Meyer lifted the Buick and freed appellant who smelled strongly of alcohol. Other witnesses testified that appellant, when taken to the hospital, had on but one shoe and that the other shoe was subsequently found on the floorboard under the driver's seat of the Buick.[1]

■■ We consider this evidence to have sufficient probative strength to justify submission to the fact finder under the test of guilt beyond a reasonable doubt. The discovery of the car so recently wrecked that the physical commotion of dust was still present, the immediate search for and negativing of the presence of any other person in the area, and the plight of appellant and the discovery of his shoe in the car and on the driver's side, all lead to the reasonable conclusion that appellant was alone and driving the car when the accident occurred. If so, he was in possession and control of the automobile and the government has met the burden of establishing the premise for the application of the traditional and permissible legal inferences of guilt pertaining to Dyer Act offenses. Williams v. United States, 10 Cir., 371 F.2d 141, and cases cited. The evidence in the case at bar rises much higher and is clearly distinguishable from that considered insufficient to sustain conviction by this court in Allison v. United States, 348 F.2d 152. In *Allison* the evidence showed merely that the accused was at one time sitting in the right-hand front seat of a stationary car and we noted that such evidence might create a suspicion of possession but could not premise a finding of possession. See also Julian v. United States, 9 Cir., 391 F.2d 279, dec. February 28, 1968. But here the evidence leads not only to the fact that appellant was present in the subject car but that he was in exclusive possession and control. Circumstantial evidence need not conclusively exclude every reasonable hypothesis nor negative any possibility other than that of guilt. Wall v. United States, 10 Cir., 384 F.2d 758.

■ Appellant also contends that the trial court erred in the application of 18 U.S.C. § 3500 relating to the disclosure of government reports and a concomitant claim that the prosecution wilfully or negligently withheld evidence favorable to the appellant. We find no record support for these claims. The court

---

1. A defense witness testified that at about 8:00 p. m. on November 25 he saw appellant, drunk, in the back seat of a Buick with two Mexicans in the front seat. The witness' background did not inspire confidence in his veracity and the jury could well reject his testimony. Appellant did not testify.

ordered production for appellant's examination of all applicable documents and denied production only of those reports and statements pertaining to charges no longer pending against appellant and those made by persons not called as witnesses. We find no error by the court in such regard. Similarly, we have considered appellant's claims of error in the admission of evidence and find the contentions to be without merit.

The judgment is affirmed.