Lowell Leroy EARLY, Petitioner,

v.

UNITED STATES of America,
Respondent.

Civ. No. L–930.

United States District Court,
D. Kansas.

Oct. 1, 1969.

**422**

U. S. Atty. Robert J. Roth, for respondent.

There was no appearance by or for petitioner.

## ORDER DISMISSING ACTION AND MOTION

TEMPLAR, District Judge.

On August 7, 1969, petitioner, Lowell Leroy Early, lodged with the Clerk of this Court a motion to vacate sentence and judgment pursuant to the provisions of 28 U.S.C. § 2255, accompanied by an affidavit in support of a motion for leave to proceed in forma pauperis in accordance with 28 U.S.C. § 1915. Petitioner also filed other pleadings designated as "Supplement To Mimeographed Forms Answers Thereto" and "Affidavit." In addition to these, on August 27, 1969, petitioner lodged a pleading entitled "Memorandum In Support." After an examination of the papers and pleadings so lodged, the Court makes the following findings and order.

Petitioner is currently in custody of Robert I. Moseley, Warden, United States Penitentiary, Leavenworth, Kansas, under or by color of authority of the United States. He was convicted and sentenced in the United States District Court for the District of Kansas for violating 18 U.S.C. § 2312. An appeal from the judgment and sentence resulted in the conviction being affirmed. Early v. United States, 394 F.2d 117 (10th Cir. 1968), cert. den. 393 U.S. 1003, 89 S.Ct. 492, 21 L.Ed.2d 467 (1968).

The petitioner has presented various pleadings and motions to this Court on numerous occasions. In the present § 2255 motion the grounds on which petitioner alleges he is entitled to relief may be summarized as follows:

1) 18 U.S.C. § 2312 is unconstitutional.

2) The prosecution presented false testimony.

3) The jury was instructed not on fact but on alternative theories and assumption.

4) There is defect in the jury's verdict in that a juror was asleep.

5) Defense counsel was ineffective in the following regard: he failed to prepare defense; knowing there were witnesses who would testify for the defense, he failed to notify them of the trial site and date; and he knowingly suppressed this information during motion for new trial.

6) The prosecution suppressed certain material exculpatory evidence.

██ The reasons set forth by petitioner in support of his ineffective counsel contention have been raised in previous post conviction proceedings instituted by the petitioner and have been consistently denied. The Court has thoroughly examined the record and files in this case and is satisfied no circumstances have changed which would justify a conclusion different from that contained in Early v. Willingham, (Templar, J., L-703 and L-720) and Early v. Willingham, (Civil No. L-896). Successive motions on same issue do not require a hearing unless there has been an intervening change in the law. Stephens v. United States, 376 F.2d 23 (10th Cir. 1967), cert. den. 389 U.S. 881, 88 S.Ct. 124, 19 L.Ed.2d 176 (1967).

██ The contention made by the petitioner that 18 U.S.C. § 2312 is unconstitutional is frivolous and without merit. In reference to former 18 U.S.C. § 408, which was the predecessor of 18 U.S.C. § 2312, courts held that it was not invalid. McIntosh v. Steele, 184 F.2d 721 (8th Cir. 1950), and McIntosh v. Steele, 184 F.2d 723 (8th Cir. 1950). The Supreme Court, speaking in reference to former 18 U.S.C. § 408, held that it was within the power of Congress and was constitutional. Brooks v. United States, 267 U.S. 432, 45 S.Ct. 345, 69 L.Ed. 699 (1925). The

Dyer Act is constitutional. Girton v. United States, 383 F.2d 404 (9th Cir. 1967).

■ The petitioner contends that the prosecution presented false testimony in that the report and certain testimony presented by the F.B.I. agent was false. This allegation is without merit. The F.B.I. agent was vigorously cross examined by petitioner's attorneys on more than one occasion (Trial Transcript P. 180–193, 317–326), and the written reports prepared by the agent were examined by the Court. Conclusory allegations that a witness's testimony used against him was perjured is not sufficient to warrant setting aside his conviction. See Stein v. United States, 390 F.2d 625 (9th Cir. 1968). Absence of an allegation that the prosecution knowingly or wilfully used allegedly perjured testimony is fatal to motion to vacate sentence and judgment on ground that conviction was the result of perjured testimony. See Griffin v. United States, 103 U.S.App.D.C. 317, 258 F.2d 411 (1958), cert. den. 357 U.S. 922, 7 S.Ct. 1363, 2 L.Ed.2d 1366 (1958). The record and files in this case fail to lend any credence whatsoever to petitioner's contention.

■■ Another ground alleged by the petitioner in support of his § 2255 motion is that the jury was instructed on alternative theories and assumption and not on fact. Issues regarding trial court's instructions to the jury are matters to be raised on appeal and not in § 2255 proceedings. See Feeney v. United States, 392 F.2d 541 (1st Cir. 1968). Directing its attention in the area of habeas corpus, the Tenth Circuit Court of Appeals stated:

"Nevertheless, habeas corpus is not available to set aside a conviction on the basis of erroneous jury instructions unless the error has such an effect upon the trial as to render it so fundamentally unfair that it constitutes the denial of a fair trial in the constitutional sense." Linebarger v. State of Oklahoma, 404 F.2d 1092, 1095 (10th Cir. 1968), cert. den. 394 U.S. 938, 89 S.Ct. 1218, 22 L.Ed.2d 470 (1969).

Petitioner's allegation of erroneous jury instructions is essentially based on the fact that his conviction rests mainly on circumstantial evidence. The Tenth Circuit Court of Appeals considered this aspect of the case on the petitioner's direct appeal from his conviction, and stated:

"Circumstantial evidence need not conclusively exclude every reasonable hypothesis nor negative any possibility other than that of guilt." Early v. United States, 394 F.2d 117, 118 (10th Cir. 1968), cert. den. 393 U.S. 1003, 89 S.Ct. 492, 21 L.Ed.2d 467 (1968).

■ The petitioner contends that there is a defect in the jury's verdict because one of the jurors was asleep. At the close of the trial the petitioner notified the Court that a member of the jury had fallen asleep during his counsel's summary. Neither the petitioner nor his counsel ever brought this situation to the Court's attention prior to this time. The Court did observe one of the jurors close her eyes on two or three different occasions and the Court had one of the other jurors nudge her. The Court was not quite sure whether the juror was dozing or just resting her eyes. (Trial Transcript P. 443–446). The trial judge has discretion in reviewing a juror's misconduct. See Welch v. United States, 371 F.2d 287 (10th Cir. 1966), cert. den. 385 U.S. 957, 87 S.Ct. 395, 17 L.Ed.2d 303 (1966), and Woodring v. United States, 376 F.2d 619 (10th Cir. 1967), cert. den. 389 U.S. 885, 88 S.Ct. 153, 19 L.Ed.2d 182 (1967).

"While such matter may be a ground for a new trial where objection was promptly raised and prejudice is shown, the mere fact that a juror fell asleep in the jury box during a part of the trial is not ground for new trial." (24 C.J.S. Criminal Law § 1449(8), p. 116.)

The petitioner's rights have not been violated and he has not been the victim of prejudice in any way. This ground was

available at the time of the petitioner's direct appeal and could have been raised at that time. A motion to set aside a conviction and judgment cannot be based on grounds which were available by means of direct appeal from the conviction. See Cawley v. United States, 251 F.2d 461 (5th Cir. 1958).

■■■ Petitioner alleges that the prosecution suppressed material exculpatory evidence, namely, a hat which was also found in the stolen automobile. This contention is definitely frivolous and without merit. It is apparent from the original trial transcript that the petitioner and his attorneys were aware of the existence of the hat and that the prosecution had possession of it. The hat in question had been marked Government's Exhibit "11", and although it was never introduced into evidence, the hat was used in reference to certain questions respecting it. One of the petitioner's attorneys directed questions to the F.B.I. agent regarding the hat in his cross examination of the agent. (Trial Transcript P. 180). The other defense attorney used the hat in questioning the petitioner's wife until he was informed by the government's attorney that the hat had not been introduced into evidence. (Trial Transcript P. 241). Although the petitioner and his attorneys' were conscious of the whereabouts of the hat and even used the hat in both the examination and cross examination of witnesses, they never made a request for production of the hat into evidence. This ground now asserted by the petitioner in support of his § 2255 motion was available at the time of his direct appeal from conviction. Grounds asserted as the basis for relief in a post conviction proceeding which were as evident at the time of trial or appeal usually cannot be raised in a § 2255 motion. See Smith v. United States, 277 F.Supp. 850 (D.C.Md.1967), aff. 401 F.2d 773 (4th Cir. 1968); Medrano v. United States, 315 F.2d 361 (9th Cir. 1963);

and McDowell v. United States, 336 F.2d 435 (6th Cir. 1964), cert. den. 379 U.S. 980, 85 S.Ct. 685, 13 L.Ed.2d 571 (1965). On his direct appeal the petitioner asserted that the court erred in application of 18 U.S.C. § 3500 and that the prosecution wilfully or negligently withheld evidence favorable to him. The Court stated:

"We find no record support for these claims. The court ordered production for appellant's examination of all documents and denied production only of those reports and statements pertaining to charges no longer pending against appellant and those made by persons not called as witnesses. We find no error by the court in such regard." Early v. United States, 394 F.2d 117, 118, 119 (10th Cir. 1968), cert. den. 393 U.S. 1003, 89 S.Ct. 492, 21 L.Ed.2d 467 (1968).

A motion to vacate a sentence is not a substitute for an appeal. See Baca v. United States, 383 F.2d 154 (10th Cir. 1967), cert. den. 390 U.S. 929, 88 S.Ct. 868, 19 L.Ed.2d 994 (1968).

■■■ After a careful and thorough examination of the record and files in this case, the Court concludes that the petitioner is entitled to no relief and particularly no hearing. Proceeding on motion to vacate sentence is a collateral remedy which is available to a petitioner only when some fundamental right is denied, and its function is not to provide for a routine review at the behest of a petitioner who is dissatisfied with his sentence. Feeney v. United States, 392 F.2d 541 (1st Cir. 1968).

It is ordered that leave to proceed without prepayment of fees be granted and the Clerk shall file the motion currently lodged.

It is further ordered that the motion and action be, and they are hereby, dismissed without prejudice.