**NEELY v. MERCHANTS TRUST CO. OF RED BANK, N. J., et al.**

No. 7282.

Circuit Court of Appeals, Third Circuit.

March 11, 1940.

Wm. A. Schnader, of Philadelphia, Pa., and Albert G. Avery and George Gordon Battle, both of New York City, for appellant.

Wm. R. Blair, of Philadelphia, Pa., and Parsons, Labrecque & Borden, of Red Bank, N. J. (Theodore D. Parsons, of Red Bank, N. J., of counsel), for appellees.

Before MARIS and JONES, Circuit Judges.

MARIS, Circuit Judge.

The appellees, defendants below, have moved to dismiss an appeal taken by the plaintiff from a decree of the district court for the District of New Jersey dismissing his bill of complaint. 26 F.Supp. 130. They urge that the appeal was not taken within the period of three months fixed by Section 8(c) of the Act of February 13, 1925, 43 Stat. 940, 28 U.S.C.A. § 230. The transcript of the record certified to this court by the clerk of the district court indicates that the decree was filed on January 20, 1939; that it was entered in the civil docket of the district court on January 23, 1939; that on February 2, 1939, a motion to open and vacate the decree, to amend the findings and conclusions of the court and to make certain additional findings and conclusions, was served on the defendants; that the motion was denied on September 11, 1939; and that on December 8, 1939, the plaintiff filed his notice of appeal.

It will be seen that the appeal was taken more than ten months after the final decree was entered. In the interim, however, a motion in the nature of a motion for a new trial under Civil Procedure Rule 59, 28 U.S.C.A. following section 723c, and for amended and new findings and an amended judgment under Civil Procedure Rule 52(b) had been made and denied. If this motion was served within the time fixed by the Rules, namely, within ten days after the entry of the decree, it unquestionably suspended the running of the time for taking an appeal, and that time accordingly began to run from September 11, 1939, when the motion was denied. Aspen Mining & Smelting Co. v. Billings, 150 U.S. 31, 14 S. Ct. 4, 37 L.Ed. 986; Morse v. United States, 270 U.S. 151, 46 S.Ct. 241, 70 L.Ed. 518; 3 Moore's Federal Practice p. 325; Note of Advisory Committee on Federal Procedure Rule 59, 28 U.S.C.A. following § 723c. As we have pointed out, the clerk of the district court has certified in the transcript of the record before us that he entered the decree appealed from on January 23, 1939 and it appears from the record that the plaintiff's motion was served on February 2nd, just ten days thereafter. It would follow that the appeal was in time since it was taken on December 8, 1939, less than three months after the motion was denied.

The appellees contend, however, that the final decree was entered on January 20, 1939, 13 days before the plaintiff's motion

was made, which was therefore out of time, and that the certification of the clerk that the decree was entered January 23rd does not truly disclose what occurred in the district court and is a misstatement in the transcript which should be stricken out. The appellant concedes that no such entry appears in the docket in the district court but he strongly urges that it none the less truly discloses what occurred in the court and should, therefore, be permitted to remain in the transcript of the record. He has filed affidavits of counsel and of two deputy clerks of the district court which support his view. It is likewise supported by the conduct of counsel at the argument of the motion. Counsel for the plaintiff, at the opening of that argument, in reply to an inquiry by the court, stated that the motion had been made within the ten day period. This was not disputed by counsel for the defendants, who made no request of the court to dismiss the motion as made out of time, but on the contrary participated in the preparation of the order entered by the district court denying the motion on the merits.

The facts appear to be that the final decree of the district court was signed by the trial judge at Newark on January 20, 1939, and marked filed on that date by the deputy clerk of the court at that city, who then mailed it to the main office of the clerk at Trenton. January 20, 1939, was Friday, and the decree was received by the clerk at Trenton on Saturday, January 21st, or Monday, January 23rd, and entered by a deputy clerk in the civil docket on Monday, January 23rd. This was the entry of judgment required by Civil Procedure Rule 58, but in making it the deputy clerk erroneously followed the prior practice of noting on the docket the date on which the decree was received by the deputy clerk at Newark instead of the date on which the entry was actually made in the docket. Under these circumstances it is clear that the appellee's contention that January 20th was the date of the entry of the final decree cannot be sustained. On the contrary we are satisfied that the clerk's notation in the transcript of the record before us truly discloses what occurred in the district court as to the time of entry of judgment in its docket. Since the notation conforms to the truth we have no power to strike it from the transcript of the record in the guise of correcting the latter under Federal Procedure Rule 75(h), even though the docket of the district court contains no similar notation. There is no inconsistency between the fact, noted on the docket, that the decree was filed with the clerk (through his deputy at Newark) on January 20th and the fact, not noted on the docket, but certified to us, that the decree was entered on the civil docket at Trenton three days later.

The motion to dismiss the appeal is denied.