Spencer S. GREENWOOD, John H. Greenwood, Henry B. Greenwood, Lucille L. Maddox and John F. Greenwood, Appellants,

v.

Benjamin GREENWOOD, William Davis and Fidelity-Philadelphia Trust Company.

No. 11952.

United States Court of Appeals Third Circuit.

Argued April 9, 1956.

Decided June 1, 1956.

John V. Lovitt and Beechwood & Lovitt, Philadelphia, Pa., for appellants.

M. H. Goldstein and Goldstein & Barkan, Philadelphia, Pa., for appellees.

Before BIGGS, Chief Judge, and McLAUGHLIN and STALEY, Circuit Judges.

BIGGS, Chief Judge.

This case, not one triable of right by a jury, was tried with an advisory jury pursuant to Rule 39(c), F.R.C.P., 28 U.S.C. The findings of the jury, which were made upon interrogatories submitted by the trial court, were adopted by the court pursuant to Rule 52(a). The answers of the advisory jury to the interrogatories were against the plaintiffs. On January 29, 1954 the trial court entered judgment in favor of the defendants, specifically basing its judgment upon the jury's answers to the interrogatories. Thereafter but on the same day apparently, as indicated by the docket entries, the plaintiffs filed a motion to set aside the answers made by the advisory jury to the interrogatories. On February 1, 1954 judgment in favor of the defendants was noted by the clerk. See Rule 58. On February 15, 1954 the plaintiffs filed two motions, one for a new trial and another to set aside the judgment. On July 28, 1954 argument was had before the trial judge on all three motions.

On November 1, 1954 the trial court filed an opinion stating that, although he considered the advisory jury's answers to the interrogatories erroneous and wished to set aside the judgment based upon them, he was without power to do so because Rule 59(b) requires a motion for a new trial to be served no later than ten days after entry of judgment and Rule 6(b) prohibits any extension of time under Rule 59, citing Safeway Stores v. Coe, 1943, 78 U.S.App. D.C. 19, 136 F.2d 771, 775. He also pointed out that although Rule 59(d) grants the court the power to order a new trial on its own motion, the court must also act within ten days of the entry of judgment. The trial court concluded that he *"now* has no power to afford plaintiffs any relief." D.C., 16 F.R.D. 366, 370. (Emphasis added.) The only reference in the opinion to the plaintiffs' motion to set aside the jury's answers to the interrogatories was a passing one in the court's statement of facts. Id. at page 367. In his order, also entered on November 1, 1954, the trial court denied the plaintiffs' motions to set aside the judgment and for a new trial. The order does not explicitly dispose of the motion to set aside the answers to the interrogatories.

From this order, the plaintiffs took an appeal to this court. We held that the order appealed from was not a reviewable one and dismissed the appeal for want of jurisdiction. See 3 Cir., 224 F.2d 318. The plaintiffs argued that there had never been a final judgment because no order had been entered on their motion to set aside the answers to the interrogatories. We stated: "Since they take this position—and we do not suggest whether it is sound—we see no reason to treat this appeal as seeking a review of anything other than the denial of a new trial which it designates. It is our ruling, therefore, that this appeal cannot be entertained because taken from an order that is not appealable." Id. at page 319.

On November 30, 1955 the defendant Fidelity-Philadelphia Trust Company filed its account, which is the subject matter of this litigation, with the Orphans' Court of Philadelphia County. On

January 9, 1956 the plaintiffs filed an order with the Clerk of the United States District Court to place the motion to set aside the answers to the interrogatories upon the argument list. On January 30, 1956. argument on the motion was had before the trial court. On February 27, 1956 the trial court entered an order stating that, upon "reconsideration" of the plaintiffs' motion to set aside the answers to the interrogatories, for the reasons set forth in his previous opinion reported at 16 F.R.D. 366, the court concluded that the motion did not meet the requirements of Rule 52(b) and further that the court was "without power to now set aside the answers to the interrogatories or to grant plaintiffs any relief * * *" The motion was thereupon denied. The plaintiffs appealed from this order on March 23, 1956.

The defendants now move to docket and to dismiss the appeal as untimely. The appeal is timely if, and only if, the motion to set aside the answers to the interrogatories was properly filed and is of such kind as will toll the running of the appeal period as provided by Rule 73(a).

■■■ At the outset, we are faced with the question whether we can treat the plaintiffs' "motion to set aside answers to interrogatories" as a motion under Rule 52(b) to amend the findings of the trial court. Rule 52(a) directs that "In all actions tried upon the facts without a jury *or with an advisory jury*, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment * * *." (Emphasis added.) Here the court entered judgment "on the basis of the answers of the jury to said interrogatories. * * *" Although a trial court is in no way bound by the answers of an advisory jury, it may adopt the jury's findings as its own. See Reliance Life

Ins. Co. v. Everglades Discount Co., 5 Cir., 1953, 204 F.2d 937, 942; 5 Moore's Federal Practice ¶ 39.10[3] (2d ed. 1951). That being the case, we think the plaintiffs' motion to set aside the advisory jury's answers to the interrogatories must be treated as a proper motion under Rule 52(b) to amend the findings of the trial court.

■■■ Second, we have the question whether the motion was timely filed. The docket entries show both the entering of the judgment and the filing of the motion on January 29, 1954, in that order. Neither the motion nor the order of the court shows any hour of filing. But Rule 79(a) requires the clerk to note all papers filed *"chronologically."* (Emphasis added.) Nonetheless, pursuant to Rule 58, the notation of the judgment on the docket, as provided by Rule 79(a), on February 1, 1954, constituted the entry of the judgment; and the judgment was not effective before that date. See Neely v. Merchants Trust Co. of Red Bank, N. J., 3 Cir., 1940, 110 F.2d 525. A motion to amend findings of fact under Rule 52(b) may, however, be made prior to the entry of judgment. See Great Lakes Casualty Co. v. Peano, D.C.Or.1940, 1 F.R.D. 244; 5 Moore's Federal Practice ¶ 52.11[1] at p. 2681 (2d ed. 1951).[1] But did this February 1, 1954 effective date of the judgment operate to make the decree a denial of the motion to amend the advisory jury's findings as an outstanding motion inconsistent with the order of the court? See Agostino v. Ellamar Packing Co., 9 Cir., 1951, 191 F.2d 576; Mosier v. Federal Reserve Bank of New York, 2 Cir., 1942, 132 F.2d 710, 712–713. In Agostino, the motion treated as denied was made two weeks before entry of judgment; in Mosier, there was a hearing on the motion and the papers were endorsed with a denial by the court before entry of judgment. In the case at bar, the motion was apparently filed after the court's order entering judg-

1. Cf. Partridge v. Presley, 88 U.S.App. D.C. 298, 189 F.2d 645, 646, certiorari denied, 1951, 342 U.S. 850, 72 S.Ct. 79, 96 L.Ed. 642 (motion for new trial); Murphy v. Lehigh Valley R. Co., 2 Cir., 1946, 158 F.2d 481, 485 (motion for judgment n. o. v.).

ment. We do not think that Rule 58, adopted for the salutary purpose of avoiding prejudice to the parties by a delay in the entry of a judgment on the docket, can be transformed into a mechanism for denying *sub silentio* a motion which the trial court had not considered at the time he signed an order entering judgment. Cf. Partridge v. Presley, 88 U.S.App.D.C. 298, 189 F.2d 645, 646–647, certiorari denied, 1951, 342 U.S. 850, 72 S.Ct. 79, 96 L.Ed. 642.

The third question is whether the motion to set aside the answers to the interrogatories was denied by the order of the court below entered on November 1, 1954, denying plaintiffs' motions to set aside the decree and for a new trial. As we have stated above, the trial court's order makes no mention of the motion in question; and the opinion mentions it only briefly in outlining the chronology of the case. We think it is clearly established that, for an order to be treated as denying a motion, the order must do so explicitly. Our decisions in Healy v. Pennsylvania R. Co., 3 Cir., 1950, 181 F.2d 934 and Green v. Reading Co., 3 Cir., 1950, 180 F.2d 149 are controlling. See 5 Moore's Federal Practice ¶ 52.11[1] at pp. 2682–3. For this reason, the fact that the trial court labeled its hearing of January 30, 1956 a "reconsideration" is irrelevant. The motion to set aside the answers to the interrogatories was never disposed of until the court's order of February 28, 1956.

Since we treat the motion to set aside the answers to the interrogatories as a timely motion under Rule 52(b) to amend the trial court's findings of fact, that motion terminated the running of the time for appeal from the judgment for defendants of January 29, 1954. See Rule 73(a). The time for appeal from that judgment did not begin to run again until the trial court's order of February 28, 1956. The plaintiffs' appeal, filed on March 23, 1956, was therefore timely.

The defendants' motion to docket and dismiss the appeal will be denied.