**Robert C. SEARS and Lavonne Stern, Appellants,**

v.

**Karen AUSTIN, Appellee.**

No. 16901.

United States Court of Appeals Ninth Circuit.

July 1, 1960.

Pratt & Berman, Jack Berman, Arthur Tibbits, San Francisco, Cal., for appellants.

Ben Barkan, David Glickman, San Francisco, Cal., for appellee.

Before CHAMBERS, HAMLEY and MERRILL, Circuit Judges.

PER CURIAM.

The Court dismisses the appeal on its own motion for the reason that it is of the opinion that no final judgment is now outstanding in the trial court.

On March 1, 1960, the trial court signed and entered "Findings of Fact and Conclusions of Law." The concluding words of that instrument were: "Let judgment be entered accordingly." And, accordingly the trial court contemporaneously on the same date signed a written judgment, on its face final in form.

On March 9, 1960, defendants filed a motion to "Amend Findings and to Set Aside Judgment and Enter Judgment for Defendants." On March 30, 1960, appellants (defendants) filed a notice of appeal and posted a cost bond for the appeal. Then on April 1, 1960, the district court entered an "Order Denying Motion for New Trial and Amending Findings." These new findings with accompanying conclusions of law reach the same end as the previous findings but are entirely self-sufficient and obviously intended to replace in toto the findings of March 1. The two sets of findings generally overlap but have some variance. The amended findings (and conclusions) of April 1 conclude with "Let judgment be entered accordingly." Unlike the events of March 1, no judgment was ever "entered accordingly." Indeed, the district court docket on the case for April 1 shows only: "Filed order denying motion for new trial and amended findings and conclusions."

Obviously, on the record something remained to be done before the district court had completed the finality of its process of decision.

We cannot construe the order of April 1 as trying to put the new findings back in harness with the old judgment of March 1, something that is an invitation always to a first class accident. We believe the second set of findings and conclusions, together with the concluding: "Let judgment be entered accordingly," vitiated the first judgment. The correct procedure, when entering new findings, normally is to enter a new judgment. The trial court was on the correct tack. It didn't go far enough.

We find prematurity here, but not of the character envisioned by appellee in her motion to dismiss the appeal, wherein she asserts that appellants lost their right to appeal by filing their notice of appeal too soon. Accordingly her motion is denied.