James Francis JENKINS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 14468.

United States Court of Appeals Third Circuit.

Submitted Oct. 14, 1963.

Decided Dec. 30, 1963.

James F. Jenkins, pro se.

Drew J. T. O'Keefe, U. S. Atty., and Lawrence Prattis, Asst. U. S. Atty., Philadelphia, Pa., for appellee.

Before McLAUGHLIN, HASTIE and FORMAN, Circuit Judges.

FORMAN, Circuit Judge.

On March 12, 1959, in the United States District Court for the Eastern District of Pennsylvania, James F. Jenkins and Randall C. Nuss [1] were indicted for, among other things, knowingly and unlawfully taking and carrying away with intent to steal $17,870 from the Girard Trust Corn Exchange Bank, Lawrence Park Office, Broomall, Pennsylvania. The Federal Deposit Insurance Corporation insured the bank.

On January 4, 1960, Jenkins appeared with his counsel, Garfield W. Levy, Esq., before the District Court.[2] Directly after the selection of a jury, he changed his plea to the indictment from "not guilty" to "guilty". The Court then sentenced him under 18 U.S.C. § 4208(a) to a term of 12 years with parole eligibility at the end of four years.

On February 26, 1962, Jenkins filed a petition under 28 U.S.C. § 2255 to vacate or correct sentence. The essence of his argument was that he had been illegally "induced by the court to change his plea from 'not guilty' to 'guilty'."

On September 13, 1962, after a full hearing, the District Court denied the petition, albeit it ordered that the sentence provide for a term of nine years, instead of twelve, and that eligibility for parole start at the end of three years, instead of four. Jenkins had filed an appeal from the denial of his petition.

The only findings and conclusions that the District Court made were those uttered at the close of the hearing, when it said:

"I find as a fact that I agree with Mr. Levy.

"I find as a fact that no misrepresentations were made.

"I deny the petition."

Examination of the record discloses, additionally, that there is neither an opinion nor a memorandum of decision containing findings of fact and conclusions of law.

The record lacks any written order for final judgment.[3] Any entry of final judg-

1. On May 28, 1959, Nuss pleaded guilty. He received a sentence of ten years, but was eligible for parole after a term of twenty-one months.

2. Jenkins was confined to Moyamensing Prison, Philadelphia, Pennsylvania, after arrest. On April 30, 1959, he escaped, but was recaptured on August 12, 1959, in Buffalo, New York.

3. Various post hearing documents signed by the District Court and the transcript of hearing were filed on the following dates:

September 28, 1962—Order denying Jenkins's petition for rehearing or for leave to appeal in forma pauperis.

October 1, 1962—Transcript of the hearing on Jenkins's motion attacking sentence.

October 16, 1962—Order of the District Court dated September 13, 1962 amending Jenkins's sentence.

April 5, 1963—Order denying another petition by Jenkins rehearing and for leave to proceed in forma pauperis.

April 17, 1963—Order denying motion by Jenkins for leave to file for reduction of sentence and to proceed in forma pauperis.

ment on the docket of the District Court Clerk is also absent.

■ Jenkins's motion to vacate sentence is not a proceeding in the original criminal prosecution but an independent civil suit.[4] And when the present motion was before the District Court in 1962, neither statute nor rule demanded that final judgment be set forth on a separate document,[5] as the 1963 amendment to Rule 58 of the Federal Rules of Civil Procedure currently requires.[6] It was then and is now indisputable, though, that the record in order to be appealable must contain some directive reflecting the final judgment.[7]

■■ No form of words and no peculiar formal act are necessary to evince rendition of a final judgment.[8] The test is whether the language of the directive embodies the essential elements of a final decision and clearly evidences the judge's intention that it shall be his final act in the case.[9]

Let us assume that the District Court Judge made a final order when, as appears in the transcript,[10] he stated: "I deny the petition." The clerk's entry on his docket relating to the transcript, however, merely states: "Oct. 1 Transcript 9/13/62 filed."[11] This notation simply discloses that a transcription of the hearing had been filed.

4. Heflin v. United States, 358 U.S. 415, 418, n. 7, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959).

5. United States v. F. & M. Schaefer Brewing Co., 356 U.S. 227, 232, 78 S.Ct. 674, 2 L.Ed.2d 721 (1957).

6. Fed.R.Civ.P. rule 58, states:
"[T]he court shall promptly approve the form of judgment, and the clerk shall thereupon enter it. Every judgment shall be set forth on a separate document. A judgment is effective only when so set forth and when entered as provided in Rule 79(a). * * *"

7. 28 U.S.C. § 2255 (1958) states:
* * *
"An appeal may be taken to the court of appeals from the order entered on the motion as from a final judgment on application for a writ of habeas corpus."
* * *
See Danzig v. Virgin Isle Hotel, Inc., 278 F.2d 580, 582 (3 Cir. 1960); McAlister v. C. J. Dick Towing Co., 175 F.2d 652, 654 (3 Cir. 1949); cf. In re D'Arcy, 142 F.2d 313, 315 (3 Cir. 1944).

8. United States v. F. & M. Schaefer Brewing Co., supra note 5 at 233 of 356 U.S., at 678 of 78 S.Ct.

9. See id. at 232 of 356 U.S., at 677 of 78 S.Ct.

10. Cf. id. at 234–235 of 356 U.S., at 679 of 78 S.Ct., where the Supreme Court said:
"To hold that one must search the whole record to determine * * * a final judgment * * * would be to ignore the quoted provision of Rule 79(a) [Federal Rules of Civil Procedure]."

11. It should be observed that in the instant case, the clerk's office entered all material germane to the motion attacking sentence on the criminal docket initially used for the case of United States v. Jenkins, et al., Criminal No. 19906. Since the motion is a civil action, Heflin v. United States, supra note 4, the clerk's office should have opened a civil docket thereon. Fed.R.Civ.P. 79(a).
This procedure was formalized by resolution of the Judicial Conference of the United States, as follows:
"It was brought to the attention of the Committee that the practice of docketing motions to vacate sentence under 28 U.S.C. 2255 is not uniform among the districts and further that there is considerable variation in processing these motions when they are filed in *forma pauperis*. In many districts motions to vacate sentence are carried on the criminal docket.
"It was the view of the Committee that motions to vacate sentence are civil proceedings under the law and court decisions and that these motions should therefore be docketed on the civil docket of the court, in order that the records of the court may be correct in terms of the statute and in regard to the nature of judicial responsibility for these matters. Upon recommendation of the Committee, the Conference directed that the district courts be instructed to docket all such motions on the civil dockets." Report of the Judicial Conference of the United States, Proceedings, September 19–20, 1962, p. 42.

■■ There is no notation of judgment, which does, in fact, constitute the entry of final judgment. In a motion attacking sentence under Title 28 U.S.C. § 2255, "[a]n appeal may be taken to the court of appeals from the order entered on the motion as from a final judgment * * *." Only by a strict compliance with the statute may litigants avoid untimely and premature appeals. Accordingly, since scrutiny of the record reveals no order entered on the motion as from a final judgment, we are without jurisdiction.

■ That argument on this point is absent from the parties' appellate briefs is inconsequential.[12] As held by the Supreme Court: "However, the mere consent of the parties to the Court's consideration and decision of the case cannot, by itself, confer jurisdiction on the Court." [13]

■ Of course any final judgment herein that the District Court now enters should be drafted in accordance with Rule 58 of the Federal Rules of Civil Procedure as amended January 21, 1963, effective July 1, 1963.

As this case must be remanded to the District Court, by reason of our lack of jurisdiction, two points should be borne in mind.

First: It should be observed that the United States Code obligates the district court on hearing a motion to attack sentence to determine not only the issues but to make findings of fact and conclusions of law, unless the record conclusively shows that petitioner is entitled to no relief.[14] In addition to helping the appellate court define the issues for review, this is an indispensable factor in deciding what the trial court had adjudicated on such a motion. In this case the District Court should give consideration whether its sketchy oral findings and conclusions adequately fulfilled this mandate.

■ Second: It should be observed that the Government's brief suggests that "while the Court had authority [in its September 13, 1962 ruling] to set aside Appellant's sentence of January 4, 1960, and resentence Appellant, the Court had no authority or power to amend Appellant's sentence." Manifestly in 1962, when the District Court amended Jenkins's 1960 sentence, the time period, providing for the reduction of a sentence through the exercise of discretion, had passed.[15] And the statute pertaining to remedies on motions attacking sentence [16] does not provide for an amendment of sentence. Rather, it restates and simplifies the ancient writ of error coram nobis so that an erroneous sentence [17] may be

---

12. See McAlister v. C. J. Dick Towing Co., supra note 7.

13. Brown Shoe Co. v. United States, 370 U.S. 294, 305, 82 S.Ct. 1502, 1513, 8 L. Ed.2d 510 (1961).

14. 28 U.S.C. § 2255 (1958) states:
"§ 2255. Federal custody; remedies on motion attacking sentence
* * *
"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. * * * "

15. Fed.R.Crim.P. 35 states:
"The court may correct an illegal sentence at any time. The court may reduce

a sentence within 60 days after the sentence is imposed, or within 60 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 60 days after receipt of an order of the Supreme Court denying an application for a writ of certiorari."

16. 28 U.S.C. § 2255 (1958).

17. 28 U.S.C. § 2255 (1958) states:
"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which im-

vacated or set aside without resort to habeas corpus.[18]

The instant appeal will be dismissed and the case remanded to the District Court for action consistent with this opinion.

posed the sentence to vacate, set aside or correct the sentence.

"A motion for such relief may be made at any time."

\* \* \*

18. Historical and Revision Notes, Title 28 U.S.C.A. § 2255, p. 564 (1959).