STATE *ex rel.* ERNEST H. DOLIN, *et al.*

*v.*

THE CITY OF HUNTINGTON, *a municipal corp., et al., etc.*

(No. 12896)

Submitted September 8, 1970.      Decided October 6, 1970.

*Broh & Vital, E. Henry Broh,* for appellants.

*Greene, Ketchum, Baker & Pauley, Lawrence L. Pauley,* for appellees.

BROWNING, PRESIDENT:

This is an appeal and supersedeas from a final order of the Circuit Court of Wayne County entered July 30, 1969, wherein that court issued a peremptory writ of mandamus in a proceeding instituted by the State of West Virginia at the relation of Ernest H. Dolin and Eddie Ann Dolin, appellees herein, against the City of Huntington, a municipal corporation; Edward A. Ewing, Huntington City Manager; and Andrew Camp, Huntington Building Inspector, appellants herein.

Appellees own a parcel of real estate located in that part of the City of Huntington which extends into Wayne County, the other portion of the city being located in Cabell County.

The particular area in which the real estate is located is not served by a public sanitary sewer system. Since appellees desired to build their residence upon the property, they applied to the city for a building permit, and, along with the application, submitted a plot layout for a septic tank system. The permit was denied when the Cabell-Huntington Health Department refused to approve the proposed septic tank system.

On June 12, 1967, appellees filed a petition for a writ of mandamus to compel the city to issue a valid building permit for the aforesaid purpose. In an amended petition filed December 20, 1967, the city manager and the building inspector were also included as respondents in the matter. On December 13, 1968, the parties stipulated the following:

> 1. That Section 26-39 of the Code of the City of Huntington, 1964, as amended, is now in full force and effect as an ordinance of the City of Huntington; and that Section 2.22.1 of the Plumbing Code thereby adopted is in full force and effect . . . .

[Section 2.22.1 reads, in pertinent part, as follows:

> When a public sewer is not available for use, sewage and drainage piping shall be connected to an individual sewage-disposal system found to be adequate and approved by the Administrative Authority.]

> 2. That the Cabell-Huntington Health Department is organized and existing under the authority of Chapter 16, Article 2, Section 3 of the 1931 West Virginia Code, as amended pursuant to which the City of Huntington and the County of Cabell entered into an agreement which was authorized by the City by an ordinance of the City Council adopted on the 27th day of February, 1956 . . . and that said agreement is still in full force and effect.

> 3. That the City of Huntington, through the Combined Board of Health of which it is a member, maintains a full-time municipal health department under the supervision of a municipal health officer.

> 4. That the Wayne County Health Department is organized and existing under the authority of

Chapter 16, Article 2A of the Code of West Virginia 1931, as amended.

5. That if, as a matter of law, the Cabell-Huntington Health Department does not have jurisdiction over that part of the City of Huntington which is situate in 'Wayne County, West Virginia, then the City of Huntington, through its proper official, cannot deny this petitioner's building permit on the basis of health requirements if the health requirements are approved by the Wayne County Health Department Sanitarian.

There is an issue of fact raised in the pleadings as to whether the approval by the Wayne County Sanitarian, mentioned in the fifth stipulation, has ever been obtained for the septic tank system, but it is apparent from this stipulation and the final order of the circuit court that the system must be so approved if appellees prevail herein.

The appellants maintain that the Cabell-Huntington Health Department has exclusive jurisdiction over the entire city in both counties. The appellees contend that such jurisdiction is in the Wayne County Health Department for that part of the city situate in Wayne County.

The appellants assign as error the circuit court's ruling that the Wayne County Health Department has jurisdiction over that part of the city which lies within Wayne County instead of the Cabell-Huntington Health Department having such jurisdiction; the court commanding the appellants to issue the building permit upon payment of the required fees; the court stating in its written opinion that the Wayne County Health Department had approved appellees' plans and specifications for the proposed septic tank system; the court's ruling that the city had not complied with the statutes with respect to regulating health in that portion of the city situate in Wayne County; the court's ruling that the cooperation of the Wayne County Court is necessary to create a board of health with jurisdiction over the entire city; the court's ruling that the city does not have the authority to pass the regulation involved in this case; the court's ruling that the Cabell-Huntington Health Department only has jurisdiction within

the boundaries of Cabell County; and the court's ruling that the city may not impose health requirements upon property owners to whom it has not extended sanitary sewer service enjoyed by other residents of the city.

On November 24, 1969, we granted the appeal and supersedeas prayed for by the appellants, and on September 8, 1970, the case was submitted for decision upon oral argument and briefs.

Chapter 16 of the West Virginia Code is entitled "Public Health," and Article 2 of that chapter is entitled "Local Health Officers." Article 2A is entitled "Alternative Method of Organizing Local Health Agencies." Under these two articles there are three alternatives which a county or a municipality have, apparently depending upon the size and finances of the county or city. The County of Cabell and the City of Huntington have by action of the county court and the city council elected to adopt the plan provided for by Article 2, Section 3, and, insofar as pertinent, that section provides that: "Any two or more counties, *or any county or counties and any one or more municipalities within the said county or counties,* may combine to cooperate with the State department of health" in employment of trained health officers, agents, and employees or in the installation and maintenance of a common laboratory and other equipment. (Emphasis added.) Near the end are these further provisions:

> All powers and duties belonging to or vested in county or municipal health officers, so far as they are applicable and not in conflict with the provisions of this section, are hereby vested in, conferred upon, and declared to be, the powers and duties of any health officer appointed and employed by any combined board of health. * * * The territorial jurisdiction of any such combined board of health shall be coextensive with the boundaries of all of the counties and municipalities which have been combined to cooperate as herein provided.

> Upon the formation of a combined local board of health as herein provided, and during the period that it continues to exist, there shall be no separate county board of health or municipal board of health in any

county or municipality represented on the combined board of health.

As heretofore noted, it has been stipulated that the Wayne County Health Department is organized and existing under the authority of Article 2A, Section 1, which, in pertinent part provides: "The jurisdiction of such county board of health shall be coextensive with the territorial limits of the county and shall include every city, town, and village therein which does not have a full-time health officer of its own employed in the manner, for the purpose, and to perform the duties set forth in this article." Of course, if the Wayne County Court had joined with the County of Cabell and the City of Huntington in this county-municipal department of health, the problem presented here could not arise. It is evident that the applicable provisions of the statute do not make any explicit provision relative to a situation where a county and a municipality combine to create a health department and a portion of the city lies within that county and another county which does not elect to participate in the plan. It is argued by the appellants that if a city has joined with a county in establishing a combined board of health and part of the city lies within another county it "would create an absurdity and an untenable situation of double health standards within the municipality where health standards are vitally important." However, counsel for appellees say that the language of Article 2, Section 3, is clear and unambiguous and that this Court has no authority to construe its provisions or to read with it any other provisions of the chapter, and, of course, if the assumption is correct, that is true.

This is the vital language: "Any two or more counties, or any county or counties and any one or more municipalities *within* the said county or counties . . . ." (Emphasis added.) The county, Cabell, and a municipality, Huntington, did combine to create a joint department of health, but it is a fact that the city is not wholly within that county. There was only one county and one municipality involved. To repeat, Article 2A, Section 1, provides that the jurisdiction of a county board which has not combined with any other county "shall be coextensive with the territorial limits of the county,"

and, of course, to apply that literally, that would include the Westmoreland area of the City of Huntington, which is a part of the territory of Wayne County. In *State ex rel. County Court of Wood County v. State Road Commission,* 147 W.Va. 623, 129 S.E.2d 726, this Court was called upon to interpret a statutory provision to the effect that the county court should have the superintendence and administration of bridges within municipalities. It was held in that case that only bridges "wholly within" corporate limits of a municipality were to remain under the control and jurisdiction of the county court.

It is the view of this Court that the clear and unambiguous language of Article 2A, Section 1, granting jurisdiction to a county board of health over the entire territorial limits of the county is not contradicted by the language of Article 2, Section 3, providing for counties and municipalities to combine to create a joint department of health. Where a county and a city do so combine, and the territorial limits of the city extend beyond the territorial limits of the county with which it combined and into a county which did not enter into the pact, the jurisdiction of the combined board of health does not extend into the other county. Such a ruling may adversely affect the people who live in the Wayne County portion of the City of Huntington, and they may be deprived of the superior service of the combined health department, but if that be true, it is a problem for the Legislature to resolve and not for this Court.

The judgment of the Circuit Court of Wayne County is affirmed.

*Affirmed.*