STATE OF WEST VIRGINIA

*v.*

ROGER O. MASON, *et al.*

(No. 13291)

Decided April 2, 1974.

Dissenting Opinion April 3, 1974.

Rehearing Denied July 8, 1974.

*Don A. Barr* for appellants.

*Madden & Hughes, John T. Madden and G. Charles Hughes* for appellee.

SPROUSE, JUSTICE:

This case is before the Court upon an appeal from a final judgment of the Circuit Court of Marshall County entered in a civil action instituted by Eugene R. White, Deputy Commissioner of Forfeited and Delinquent Lands, to sell a specific tract of land in McMechen, West Virginia. After the court's order confirming the sale, but prior to its entry on the civil docket by the circuit clerk, the appellants in this proceeding, Irene Doris McElroy, William McElroy and Debroah Leon, the heirs of the former owner of the tract of land, sought by petition and answer to redeem the lands which had become delinquent for nonpayment of taxes and subject to sale. The circuit court by order dismissed the appellants' petition, and it is from this order that appellants seek relief in this Court.

There is no serious dispute as to the facts. The land in question was owned by Dr. Charles S. McElroy who had purchased it in 1967. Apparently, the taxes were not paid in 1967 and the property was sold to the State in 1968. It was not redeemed. On October 13, 1971, the Deputy Commissioner of Forfeited and Delinquent Lands instituted an appropriate action to sell the property for the benefit of the school fund. Defendants in the complaints were the Marjorie D. Welsh Estate, Dr. McElroy's predecessor in title, Dr. McElroy, and "all unknown parties and claimants, who have or claim an interest in the lands included and proceeded against in this action." Process was served by publication. Dr. McElroy had died two months prior to the institution of the action and whatever rights he

retained in the property belong to his wife, Irene Doris McElroy, and his two children, William McElroy and Debroah Leon.

No question was raised either at trial or on appeal concerning the adequacy of process. There being no appearance prior to the sale by the defendants, the circuit court on December 1, 1971, ordered the land sold at public auction to be held on January 14, 1972. The land was sold at the sale to Thomas Andrich for $3,000.00. The deputy commissioner reported the sale to the court on February 9, 1972, and the court on that date signed a "Decree of Confirmation." The "decree" was entered on that date in the "Civil Action Book" and the "Delinquent Land Order Book." The appellants on February 25, 1972, filed a petition praying that they be permitted to intervene and redeem the property or, in the alternative, that the order of confirmation be set aside under Rule 60 (b) of the Rules of Civil Procedure. The appellants contended below that the "Decree of Confirmation" signed by the court on February 9 was not a final order because it had not been entered in the civil docket as required by Rule 58 of the Rules of Civil Procedure, and that they had the right to petition for redemption any time before the order of confirmation was final.

A hearing was held in the circuit court to determine this question. The evidence established, and the trial court found that, although the decree of confirmation had been entered in the civil action book and delinquent land book on February 9, 1972, it had not been entered in the civil docket until after March 13, 1972. In other words, the appellants filed their petition to intervene and redeem after the "Decree of Confirmation" was signed and entered in the civil action book and delinquent land order book but some weeks before a decree of confirmation was entered in the civil docket. The appellants also presented testimony outlining reasons why the taxes had not been paid; reasons why the appellants did not intervene prior to the sale—indicating they took action as soon as

they became aware of the sale; testimony concerning the value of the property and other evidence not relevant to the disposition of the case.

The appellants' petition to redeem the land was pursuant to Chapter 11A, Article 4, Section 18 of Code, 1931, as amended. That section provides in part: "The former owner * * * [of] delinquent land * * * may file his petition in such suit with the circuit court * * * *at any time before confirmation of sale* thereof requesting permission to redeem such land * * *." (Italics supplied.) The trial court held, in dismissing the appellants' petition, that it had not been filed before the confirmation of sale. That is the issue before the Court.

This requires the determination of whether the confirmation of sale was final when it was signed by the court on February 9 and entered in the order book, or was not final until after March 13, when it was entered in the civil docket.

Rule 54(a) of the Rules of Civil Procedure defines a judgment as including "a decree and any order from which an appeal lies." There can be no doubt, and the parties do not contest, that the "Decree of Confirmation" signed by the court on February 9 was a "judgment" as defined in Rule 54(a).

Rule 58 of the Rules of Civil Procedure provides in part: "The clerk, forthwith upon receipt of the signed judgment, shall enter it in the civil docket as provided by Rule 79(a). The notation of a judgment in the civil docket as provided by Rule 79(a) constitutes the entry of the judgment; *and the judgment is not effective before such entry.* * * *" (Italics supplied.) Rule 79(a) of the Rules of Civil Procedure requires the clerk to keep a civil docket and prescribe the procedures for entering various court actions, including judgments.

Although there are some differences, Rule 58 of the Federal Rules of Civil Procedure is similar to the West Virginia counterpart in requiring the judgment to be

entered in a civil docket. LUGAR & SILVERSTEIN, WEST VIRGINIA RULES, 444-45. The Federal Rule 58 provides: "A judgment is effective only * * * when entered as provided in Rule 79 (a) ."

Although this issue has not been decided by this Court, the question of finality of judgments in the sense of Rule 58 has been considered by many Federal courts. The United States Supreme Court has considered this both before a 1963 change in the rule and afterwards. *United States v. Indrelunas,* 411 U.S. 216; *United States v. F. & M. Schaefer Brewing Company,* 356 U.S. 227.

*Schaefer* and *Indrelunas* both were concerned with the substance of the court order in determining whether a final judgment was rendered. The court in both cases, in addition to deciding whether a judgment had been actually rendered by the lower court, deemed it essential that the judgment be entered in the civil docket before the judgment was final for purpose of appeal.

While this at first blush might appear to be excessively formal, it is obvious on close examination that such a rule is necessary so that parties may effectively determine rights. As was said in *Indrelunas,* quoting Moore on Federal Practice concerning the separate document provision of Rule 58: " 'This represents a mechanical change that would be subject to criticism for its formalism were it not for the fact that something like this was needed to make certain when a judgment becomes effective, which has a most important bearing, inter alia, on the time for appeal and the making of post-judgment motions * * *.' " *United States v. Indrelunas, supra,* at 220-21, quoting 6A MOORE, FEDERAL PRACTICE, § 58.04 [4.-2], page 58-161.

This language, as well as most of the opinion in *Indrelunas,* relates to the Rule 58 requirement of the Federal Rules of Civil Procedure that "[e]very judgment shall be set forth on a separate document." The opinion, however, treats the separate document rendition and the civil docket entry as equal requirements under that rule. The

quoted language, therefore, is just as applicable to the docket entry provision of Rule 58. This is also clear from the court's decision in *United States v. F. & M. Schaefer Brewing Company, supra.* See also *Levin v. Wear-Ever Aluminum, Inc.,* 427 F.2d 847 (3d Cir.); *Jenkins v. U. S.,* 325 F.2d 942 (3d Cir.); *Sears v. Austin,* 282 F.2d 340 (9th Cir.); *Greenwood v. Greenwood,* 234 F.2d 276 (3d Cir.); *Healy v. Pennsylvania R. Co.,* 181 F.2d 934 (3d Cir.); *Martin v. Staples,* 164 F.2d 106 (D.C.Cir.); *Neely v. Merchants Trust Co.,* 110 F.2d 525 (3d Cir.); 11 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE, Section 2781, pages 7-8. See also Kaplan, *Amendments of the Federal Rules of Civil Procedure,* 1961-1963, 77 HARV. L. REV. 801, 828-32.

There has been some confusion in distinguishing the rendition of the judgment from entry of the judgment. That is, the pronouncement of judgment by the court on one hand as distinguished from the entry of the judgment into the official records. See LUGAR & SILVERSTEIN, WEST VIRGINIA RULES 444. This distinction is not important for the purpose of this decision. It is clear from the Federal cases that now both requirements must be met. A judgment not only has to be properly rendered, but also entered on the civil docket before it becomes final. See *United States v. Indrelunas, supra; United States v. F & M. Schaefer Brewing Company, supra,* and particularly the language of Justice Frankfurter's dissent at page 239: "The judgment must have been both properly rendered and properly entered, and the entry of judgment is the decisive procedural moment."

A simple reading of Rules 58 and 79(a) in both the Federal and West Virginia Rules of Civil Procedure compels that same interpretation. Where a statute is plain and unambiguous, it should not be construed, but applied according to its terms. *State ex rel. Dolin v. City of Huntington,* 154 W.Va. 460, 176 S.E.2d 683. The same principle of construction applies to the Rules of Civil Procedure since the rules, having been promulgated and

adopted by the Court, have the force and effect of a statute. *Crusenberry v. Norfolk & Western Railway Company*, 155 W.Va. 155, 180 S.E.2d 219.

It is recognized, of course, that on the question of finality of judgment, there revolves differing rights: The time for appeal; time for post-trial motions; time for filing of judgments for lien purposes; and numerous other rights. A basic tenet of the Rules of Civil Procedure, however, is that they be consistently interpreted. They are also to be construed to secure the just determination of every action. Rule 1, Rules of Civil Procedure.

Perceiving no injury to general standards of justice nor violence to the substantive rights of any parties, it appears clear that the finality of the confirmation order involved in this proceeding should be determined under Rule 58 and Rule 79 (a) of the Rules of Civil Procedure as decided in *Schaefer* and *Indrelunas*, and the other Federal cases cited in this opinion.

The confirmation order, therefore, was not final until it was entered in the civil docket after March 13. The appellants presented their petition before that time, and should have been permitted to file the petition and redeem the land under the provisions of Code, 1931, 11A-4-18, as amended.

In view of this holding, it is not necessary to decide the question raised by the appellants relating to their 60 (b) motion to set aside the confirmation order, nor the question of the amount bid and paid for the property at the tax sale.

The judgment of the Circuit Court of Marshall County is reversed and remanded for proceedings consistent with this opinion.

*Reversed and remanded*
*with directions.*

BERRY, JUSTICE, dissenting:

I respectfully dissent from the majority opinion with regard to the effective date of the confirmation order. The

civil docket kept by the clerk, which is required by Rule 79 (a), R.C.P., is merely for the clerk to keep a record of all matters filed in any action or proceeding in his office.

The signing of an order by the judge may not be filed in the clerk's office until sometime later and it is not effective until the clerk enters it in the civil docket, as required by Rule 58, R.C.P., and provided for by Rule 79 (a), R.C.P. The entry of the order or judgment shall not be delayed for any reason in order that its priority may be promptly established for judgment liens and other matters.

Rule 79 (b) requires the clerk to keep a "civil order book" and he shall record every order and judgment in said civil order book. Rule 79 (b) also requires the clerk to show in the civil order book the date the judgment or order was noted in the civil docket. If the clerk has performed his duties properly the judgment or order would not be recorded in the civil order book until after it was filed and noted in the civil docket. The judgment is the function of the judge and not the clerk. The clerk merely performs the ministerial duty of noting in the civil docket when the judgment is filed in his office. The clerk cannot intentionally or unintentionally keep a judgment of the court from being valid or effective if it is properly filed in his office and recorded. This would result in a miscarriage of justice.

If the clerk was negligent or otherwise in not noting the judgment in the civil docket as required by Rule 58 after it has been properly filed in his office, a proceeding in mandamus can be instituted to require him to perform the ministerial duty of entering the judgment in the civil docket as of the time it was filed in his office.

The fact that the confirmation order was entered in the civil order book on February 9, 1972 when it was filed in the clerk's office conclusively shows it should have been entered in the civil docket at the time it was filed in the clerk's office. The clerk should therefore be directed by

mandamus, or otherwise, to perform his nondiscretionary duty to enter the judgment in the "civil order book", as required by law in order that the judgment have proper priority.

It would therefore appear that the confirmation of sale occurred before the property was redeemed by the former property owners, and I would therefore affirm the Circuit Court of Marshall County on this matter.

I am authorized to say that Justice Neely joins. in this dissent.