**Jimmy Dale HUTTO, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 74–3215

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

March 7, 1975.

Rehearing Denied April 11, 1975.

See 511 F.2d 172.

David H. Berg, Houston, Tex., for petitioner-appellant.

Anthony J. P. Farris, U. S. Atty., Mary L. Sinderson, Asst. U. S. Atty., Houston, Tex., for respondent-appellee.

Before WISDOM, BELL and CLARK, Circuit Judges.

PER CURIAM:

This case got to the Court of Appeals because the insistence by all concerned upon technicality has compounded a procedural error from a mole hill into a mountain. It began when counsel for petitioner mistakenly inserted the original criminal file number in the caption of a motion under 28 U.S.C. § 2255 seeking to vacate petitioner's sentence. The government objected to this form. Counsel for petitioner wrote to the clerk acknowledging that his intention was to proceed under Section 2255, and that whether the number should be civil was immaterial to the relief he sought.[1]

The district court's order denying the motion to vacate sentence was based solely on the numbering error. It cites Heflin v. United States, 358 U.S. 415, 79

---

*Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N.Y. et al., 5th Cir. 1970, 431 F.2d 409, Part I.

1. "Some time ago my firm filed a Motion to vacate sentence pursuant to 28 U.S.Code, Section 2255 under the original criminal number. Of course this case is in the nature of a writ of habeas corpus and may require a civil action number as opposed to the original number it was filed under. In any event would your office be so kind as to notify me of any setting in the case."

S.Ct. 451, 3 L.Ed.2d 407 (1959) to support the acknowledged rule that proceedings under Section 2255 constitute independent civil proceedings, rather than further activity in the original criminal file. The government asserts in this court that the petitioner should not have appealed since he could have dropped the criminal number and refiled correctly. Counsel for petitioner asserts his present cause should have been treated as an independent civil action. *See* Jenkins v. United States, 325 F.2d 942, 944 n. 11 (10th Cir. 1963).

Counsel should not have included the criminal case number on the motion. The clerk's action in treating the case as a further proceeding in the criminal case was likewise a mistake. The court's order denying the relief sought finalized these prior errors. That order is reversed. The cause is remanded, with directions to assign the cause a civil number and to treat the petition as the commencement of an independent civil proceeding.

Reversed and remanded.