387 S.E.2d 313

**Madonna Gail EVANS and
Frankie Lynn Vance**

v.

**Martha SHEPPARD, Deputy Clerk, Circuit Court of Mingo County; and John Hambrick, Clerk of the Circuit Court of Mingo County.**

No. 19210.

Supreme Court of Appeals of
West Virginia.

Nov. 29, 1989.

Mary V. Rehmann, Williamson, for Madonna Gail Evans and Frankie Lynn Vance.

Greg Campbell, Charleston, for Martha Sheppard and John Hambrick.

PER CURIAM:

This is an original proceeding in mandamus. A rule to show cause was issued by this Court on September 26, 1989 and was made returnable November 7, 1989 upon the relators' petition and memorandum of law. The relators present two factually similar circumstances in that John Hambrick, Clerk of the Circuit Court of Mingo County and Martha Sheppard, Deputy Clerk of Mingo County in charge of the civil docket book for domestic cases, refuse to enter properly authorized orders in domestic proceedings until payment of costs is made. In both cases the opposing parties who refuse to pay the costs are required under the orders to pay the costs, as well as, alimony and/or child support. The opposing parties' refusal to pay has effectively precluded the entry of orders against them.

Relator, Madonna Gail Evans, following her divorce on February 18, 1986, instituted a contempt proceeding against Jack Evans, her former husband, on December 17, 1987. After a hearing on the proceeding, on January 15, 1988 the circuit court affirmed the recommendation of the family law master and ordered Mr. Evans to pay Ms. Evans $3,600, less amounts previously collected. The order also provided that Mr. Evans pay the costs. The order was presented for entry to Mr. Hambrick and Ms. Sheppard who demanded payment of $50 costs from Mr. Evans who refuses to pay. Mr. Hambrick and Ms. Sheppard continue to refuse to enter the order until the costs are paid. Without a properly entered judgment, Ms. Evans has been unable to collect any of the money due her.

Relator, Frankie Lynn Vance sought a divorce and on May 24, 1989, the circuit court in a proceeding styled *Frankie Lynn Vance v. Major Vance*, C.A. No. 88–C–6695, granted the divorce and affirmed the recommendations of the family law master, that decided all issues except for a modification of child support. The order also assessed costs, approximately $130, against

Mr. Vance, but the order was deferred pending reconsideration of the amount of child support. The family law master, following a hearing on April 11, 1989, recommended child support payments be increased from $526.25 to $850 per month beginning May 1, 1989. On May 24, 1989 the circuit court signed a supplementary order approving the family law master's child support recommendations. Both orders were presented for entry to Mr. Hambrick and Ms. Sheppard who refused to enter the orders until the costs are paid—costs assessed against Mr. Vance who refuses to pay. Without a properly entered judgment, Ms. Vance has been unable to compel Mr. Vance to pay any child support. Ms. Vance and her two small children have been forced to seek welfare assistance.

Mr. Hambrick and Ms. Sheppard are holding the orders in both actions but will not enter the orders until costs are paid. In both cases, the costs have been assessed against the losing party who refuses to pay and who can not be made to pay for lack of a properly entered order. Mr. Hambrick and Ms. Sheppard acknowledge that they have not entered the orders but indicate that the policy requiring payment of costs in advance was instituted at the direction of the circuit court judge who signed the orders.

## I.

Rule 58 of the *West Virginia Rules of Civil Procedure,* provides that the circuit clerk has a mandatory duty to enter judgments. Rule 58, *West Virginia Rules of Civil Procedure,* provides:

Subject to the provisions of Rule 54(b), the court shall promptly settle or approve the form of the judgment and sign it as authority for entry by the clerk. The clerk, forthwith upon receipt of the signed judgment, shall enter it in the civil docket as provided by Rule 79(a). The notation of a judgment in the civil docket as provided by Rule 79(a) constitutes the entry of the judgment; and the judgment is not effective before such entry. The entry of judgment shall not be delayed for the taxing of costs or to permit a motion for a new trial or any other motion permitted by these rules.

Rule 54(d), *West Virginia Rules of Civil Procedure* states in pertinent part:

Except when express provision therefor is made either in a statute of this State or in these rules, costs shall be allowed as of course to the prevailing party *unless the court otherwise directs....* The clerk shall tax the costs within 10 days after judgment is entered, and shall send a copy of the bill of costs to each party affected thereby. (Emphasis added).

In Syllabus Point 1, *Humphrey v. Mauzy,* 155 W.Va. 89, 181 S.E.2d 329 (1971), we stated:

As a general rule, the clerk of a circuit court has a mandatory, nondiscretionary duty to record in the appropriate civil order book in her office a final judgment order entered in a civil action and endorsed for entry by the signature of the judge of the court.

In *Humphrey,* the circuit clerk refused to enter final judgment orders granting divorce to the petitioners who were permitted to institute divorce action in *forma pauperis.* In Syllabus Point 3, *Humphrey v. Mauzy,* 155 W.Va. 89, 181 S.E.2d 329 (1971), we stated in part:

Neither the clerk not the judge of the court has a legal right, merely because of the indigency of the plaintiff and her consequent inability to pay the ... clerk's fee, to deny to the plaintiff her right to have the clerk properly record in her office the order by which the plaintiff has been granted a divorce from her husband.

In the present case, Ms. Evans and Ms. Vance were awarded alimony and/or child support with the costs of the action assessed against their former husbands. By refusing to enter properly authorized orders the clerk denied Ms. Evans, Ms. Vance and similarly situated individuals their adjudicated rights.

In Syllabus Point 4, *State v. Mason,* 157 W.Va. 923, 205 S.E.2d 819 (1974), we noted that until entered, a judgment was not final or effective.

In a proceeding governed by the Rules of Civil Procedure, a judgment rendered in

such proceeding is not final and effective until entered by the clerk in the civil docket as provided in Rule 58 and Rule 79(a) of the Rules of Civil Procedure.

The clerk and the deputy clerk have a mandatory, nondiscretionary duty to record the orders in the Evans and Vance cases in the appropriate civil order book. The circuit court is without legal authority to direct the clerk to withhold the orders from proper recordation merely because the adversely affected party refuses to pay the costs that were assessed against him.

In Syllabus Point 2, *Humphrey, supra,* we held that mandamus would lie to compel the circuit clerk to record a properly endorsed order in a divorce proceeding without the payment of fees. In the present case, mandamus is also appropriate to compel the clerk to perform this nondiscretionary legal duty.

For reasons stated in this opinion a writ of mandamus is awarded commanding the respondents: (1) to enter the order signed on January 15, 1988 in the contempt proceeding requiring Mr. Evans to pay Ms. Evans $3,600, less previously collected amounts; (2) to enter the divorce order and the supplementary order, both signed on May 24, 1989, in the case of *Frankie Lynn Vance v. Major Vance,* C.A. No. 88–C–6695; and (3) to enter promptly all orders that have been properly authorized.

Writ Awarded.