## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Gary Holmes,**
**Plaintiff Below, Petitioner**

**FILED**

October 4, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)   No. 12-1047** (Kanawha County 12-C-164)

**Byron Craig Manford,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Gary Holmes, appearing *pro se*, appeals the order of the Circuit Court of Berkeley County, entered August 14, 2012, that dismissed his legal malpractice action against his criminal defense attorney. Respondent Byron Craig Manford, by counsel David D. Johnson III, filed a response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was indicted on eight counts of sexual abuse by a parent in violation of West Virginia Code § 61-8D-5(a) and eight counts of sexual abuse in the first degree in violation of West Virginia Code § 61-8B-7(a)(3). On February 27, 2006, petitioner executed a plea agreement under which he entered a guilty plea to three counts of first degree sexual abuse pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970).[1] In exchange, the State dismissed the remaining counts of the indictment. The circuit court sentenced petitioner on January 19, 2007, to an indeterminate sentence of one to five years on each of three counts to which he pled guilty, with the three sentences to run consecutively. Petitioner is currently an inmate at St. Mary's Correctional Center.

On February 28, 2012, petitioner filed the instant legal malpractice action in circuit court against respondent, his criminal defense attorney.[2] In his complaint, petitioner alleged that respondent was negligent in allowing him to plead guilty to three counts of first degree sexual abuse and in failing to challenge the indictment as void. Petitioner asserted that the indictment was

---

[1] In West Virginia, an *Alford* plea is formally known as a *Kennedy* plea. *See Kennedy v. Frazier*, 178 W.Va. 10, 357 S.E.2d 43 (1987).

[2] Petitioner sought $5,000,000 in compensatory damages and $3,000,000 in punitive damages.

1

void because it did not identify or describe the sexual acts he allegedly committed. Petitioner attempted to serve his complaint on respondent pursuant to Rule 4(d)(1)(E) of the West Virginia Rules of Civil Procedure.

Service pursuant to Rule 4(d)(1)(E) entails the circuit clerk sending the defendant a copy of the summons and complaint by first class mail, postage prepaid, together with two copies of a notice and acknowledgment and a return envelope, postage prepaid, addressed to the clerk. Rule 4(d)(1)(E) further provides, in pertinent part, as follows:

> The notice and acknowledgment of receipt of the summons and complaint pursuant to subdivision (d)(1)(E) shall be executed in the manner prescribed on Form 14. *Unless good cause is shown for failure to complete and return the notice and acknowledgment of receipt of summons and complaint pursuant to subdivision (d)(1)(E) within twenty (20) days after mailing, the court may order the payment of cost of personal service by the person served.* Service pursuant to subdivision (d)(1)(E) shall not be the basis for entry of default or a judgment by default unless the record contains a notice and acknowledgment of receipt of the summons and complaint. *If no acknowledgment of service pursuant to subdivision (d)(1)(E) is received by the clerk within twenty (20) days after the date of mailing, service of such summons and complaint shall be made under subdivisions (d)(1)(A), (B), (C), or (D).*

(Emphasis added.).

Respondent acknowledges that he received the summons, the complaint, an acknowledgement form, and a stamped return envelope pre-addressed to the circuit clerk's office on March 5, 2012. Respondent opted not to execute and return the acknowledgement form which, under Rule 4(d)(1)(E), thereby required petitioner to attempt service "under subdivisions (d)(1)(A), (B), (C), or (D)" and made respondent potentially liable for the cost of serving him under those subdivisions. However, petitioner did not attempt service under Rules 4(d)(1)(A), (B), (C), or (D).

On July 9, 2012, respondent voluntarily submitted to the jurisdiction of the circuit court by filing a motion to dismiss petitioner's complaint. Petitioner filed a brief in opposition to respondent's motion to dismiss on August 3, 2012, in which he argued that the motion was untimely filed because respondent acknowledged that he received the summons and complaint, but did not show good cause for why he did not execute and return the acknowledgement form pursuant to Rule 4(d)(1)(E). Respondent then filed a reply in further support of the motion to dismiss on August 13, 2012.

On August 14, 2012, the circuit court granted respondent's motion to dismiss the complaint for a failure to state a claim on which relief can be granted. The circuit court ruled that the

complaint was both barred by the "actual innocence rule"[3] and time-barred under the two-year statute of limitations given that petitioner was sentenced in 2007, but did not file his malpractice action until 2012.[4] The circuit court also ruled on petitioner's substantive argument finding that the indictment in petitioner's criminal case was legally sufficient.[5]

In addition, the circuit court determined that respondent's motion to dismiss was timely filed. The circuit court explained that respondent's decision not to execute and return the acknowledgement form—thereby, requiring petitioner to serve him pursuant to Rules 4(d)(1)(A), (B), (C), or (D)—"[did] not result in effective service of process *de jure*." Instead, because petitioner never attempted service by the other methods required by Rule 4(d)(1)(E) when the acknowledgement form is not returned, petitioner's complaint was never served on respondent. Therefore, the circuit court ruled that "[respondent] was under no time constraint for filing his Motion to Dismiss," citing Rule 12(a)(1) of the West Virginia Rules of Civil Procedure.[6] Accordingly, the circuit court dismissed petitioner's complaint.

"Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac–Buick, Inc.,* 194 W.Va. 770, 461 S.E.2d 516 (1995). The only argument petitioner raises on appeal is his contention that respondent's motion to dismiss was untimely filed. Petitioner asserts that respondent was served on March 5, 2012, when respondent received the summons and complaint, and the acknowledgement form. Petitioner notes that respondent did not file his motion to dismiss until July 9, 2012, which was more than twenty days later.

---

[3] In Syllabus Point 2 of *Humphries v. Detch*, 227 W.Va. 627, 712 S.E.2d 795 (2011), this Court held as follows:

> To state a cause of action for legal malpractice arising from the negligent representation of a defendant in a criminal proceeding, a plaintiff must establish that he is actually innocent of the underlying criminal offense for which he was originally convicted and/or any lesser included offenses involving the same conduct by a preponderance of the evidence. There is no cause of action as long as the determination of the plaintiff's guilt of that offense remains undisturbed.

[4] *See Hall v. Nichols,* 184 W.Va. 466, 469-70, 400 S.E.2d 901, 904-05 (1990) (two-year statute of limitations applies to legal malpractice actions sounding in tort).

[5] The circuit court took judicial notice of the indictment. *See Forshey v. Jackson*, 222 W.Va. 743, 747, 671 S.E.2d 748, 752 (2008).

[6] Pursuant to Rule 12(a)(1) of the West Virginia Rules of Civil Procedure, a defendant must file an answer or a responsive motion "within 20 days after the service of the summons." *See also* Rule 12(b), W.V.R.C.P. (a motion asserting any of the defenses listed in 12(b) shall be made before the responsive pleading).

Respondent argues that under Rule 4(d)(1)(E), the only penalty he faced for his decision to require petitioner to serve him pursuant to Rules 4(d)(1)(A), (B), (C), or (D), was potential liability for the cost petitioner would have incurred if petitioner attempted service by those Rules. Petitioner did not attempt service pursuant to Rules 4(d)(1)(A), (B), (C), or (D); therefore, respondent argues that he was under no time constraint as to when he chose to voluntarily submit himself to the circuit court's jurisdiction and file his motion to dismiss.

"[W]here the language of a rule is clear and unambiguous, it should not be construed but applied according to its terms." Syl. Pt. 3, in part, *State v. Mason*, 157 W.Va. 923, 205 S.E.2d 819 (1974). Respondent is correct as to the penalty Rule 4(d)(1)(E) sets forth for a putative defendant who chooses not to execute and return the acknowledgement form and is also correct that the Rule requires a plaintiff to then attempt service pursuant to Rules 4(d)(1)(A), (B), (C), or (D). Because petitioner did not attempt service by any of these other methods, the twenty-day period for filing an answer or a responsive motion under Rule 12(a)(1) never began to run. After careful consideration, this Court finds that the circuit court did not err in finding that respondent's motion to dismiss was timely filed.

Because petitioner raises no other issues on appeal, any possible challenges to the circuit court's other rulings are deemed waived. *See State v. LaRock*, 196 W.Va. 294, 302, 470 S.E.2d 613, 621 (1996) ("Although we liberally construe briefs in determining issues presented for review, issues which are not raised, and those mentioned only in passing but are not supported with pertinent authority, are not considered on appeal."). Therefore, this Court concludes that the circuit court properly granted the motion to dismiss.

For the foregoing reasons, we find no error in the decision of the Circuit Court of Berkeley County and affirm its August 14, 2012 order dismissing petitioner's action.

Affirmed.

**ISSUED:**   October 4, 2013

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4