In re SELMA PRESSURE TREATING CO., INC., Debtor.

SELMA PRESSURE TREATING CO., INC., Plaintiff-Appellee,

v.

A & R LUMBER COMPANY, Defendant-Appellant.

BAP No. EC 81–1391.
BK No. 181–00902.
Adv. No. 181–0334.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

July 19, 1982.

MEMORANDUM

Before HUGHES and ELLIOTT, Bankruptcy Judges.

Appellant, A & R Lumber, has appealed from a judgment in favor of the debtor for $19,891.96.

The notice of appeal was filed eleven days from the date the judgment was filed.

The debtor has appealed from an order of the trial court accepting a late filed appeal on the grounds of excusable neglect and also has moved for dismissal of the appeal by this panel. We address the motion to dismiss.

I

At the outset, we note a procedural problem. It does not appear that there was a sufficient entry of judgment. Furthermore, the date of entry is not evident from the docket. Finally, it is not clear that the clerk gave notice of entry of judgment as required by Bankruptcy Rule 922. Because the entry is deficient, the notice of appeal was not late and, in fact, was premature.

The relevant entries on the bankruptcy court's docket of the adversary proceeding, between the parties are as follows:

| DATE | NR | |
|------|----|---|
| 10/23 | | Cont'd hg. on comp. for turnover v. A & R Lumber—heard—submitted on briefs simultaneous |
| 12/1 | 12 | Filed Opinion |
| 12/7 | 14 | Filed Judgment and |
| 12/8 | | Certificate of Mailing |

On December 7, 1981, the trial judge signed and filed a judgment in favor of the debtor and against A & R Lumber for $19,-891.96 plus interest and costs. A & R's notice of appeal was filed December 18. On January 18, 1982 the trial court denied debtor's motion to dismiss the appeal on the grounds that A & R had shown excusable neglect.

II

Bankruptcy Rule 802 provides that a notice of appeal shall be filed within ten days of the date of entry of the judgment or order appealed from. Bankruptcy Rule 921 dictates that every judgment is to be entered in the docket forthwith as provided in Rule 504. Bankruptcy Rule 504 requires the Bankruptcy Judge to record on the

docket all orders, verdicts, and judgments, stating that the entries "[s]hould be brief but shall show ... the substance of each order or judgment of the court...."

Bankruptcy Rules 921 and 504 track Rules 58 and 79 of the Fed.R.Civ.Pro. As to entry of judgment the Bankruptcy Court's procedure is essentially the same as that of the District Court.

> The time of the signature of a final decree by the judge and receipt by the clerk, even though the clerk marks it "filed" as of that time and it is properly set forth on a separate document, does not constitute the date of the entry of judgment. This latter date is when the clerk makes the proper notation in the civil docket as contemplated by Rules 58 and 79(a).

6A *Moore's Federal Practice* 58–74. See also *Neely v. Merchants Trust Co. of Red Bank,* (CCA 3d, 1940) 110 F.2d 525, Cert. denied 311 U.S. 705, 730, 61 S.Ct. 171, 391, 85 L.Ed. 457.

Moore, supra, at page 58–72 offers an example of proper entry of judgment:

> Sept. 16, 1938, 10 A.M. judgment for plaintiff for $10,000 and costs entered.

We conclude that the notation "Filed Judgment" without more, particularly without the date the clerk entered the notation on the docket, is not sufficient to constitute entry as required by Bankruptcy Rule 921 and the notation "Certificate of Mailing" without more does not comply with the requirement of Bankruptcy Rule 922 that service of notice of entry of judgment be entered in the docket.

Because the judgment has not been formally entered, it is

ORDERED that the appeal is dismissed as premature and this proceeding is remanded to the trial court for entry of judgment.